STATE OF INDIANA, CITY OF INDIANAPOLIS v.
MICHAEL JOHN SABLICA.

[No. 175S12. Filed March 3, 1976. Rehearing denied
May 7, 1976.]

*Charles B. Huppert*, Deputy Corporation Counsel, *Gary R. Landau*, Corporation Counsel, City of Indianapolis, for appellant.

*R. Davy Eaglesfield, III*, of Indianapolis, for appellee.

HUNTER, J.—Defendant-appellee was charged with "interfering with or taunting officer" in violation of Indianapolis Municipal Ordinance § 10-1021. Municipal Court, Room 9, granted defendant's motion to dismiss the information, holding in part:

> "(3) Municipal Ordinances § 10-1021 and § 10-1023 are void as they violate Article 4, Section 22 and Section 23 of the Indiana Constitution. Ordinances § 10-1021 and § 10-1023 are further void as the City of Indianapolis has no authority to define or create criminal offenses or to set penalties for such offenses.

> "(4) *Ind. Ann. Stat.* §§ 48-403, 48-1451, 48-1452 and 48-1469 are unconstitutional to the extent that they are interpreted as delegating to the municipal corporations of the State the power to enact misdemeanors such as Indianapolis Municipal Ordinance § 10-1021."

On appeal to the Criminal Court of Marion County, Division Four, the judgment of dismissal was affirmed. In our opinion which follows, we affirm the judgment of the trial court dismissing the information. In so doing we find it unnecessary

to pass upon the constitutionality of Ind. Code § 18-5-11-1 (Burns 1974) [violations of city and town ordinances providing for fines or imprisonment shall be misdemeanors] and Ind. Code § 18-1-1.5-1,-2,-19 [Powers of Cities Act of 1971 purporting to give cities the power to define misdemeanors].

In *Medias* v. *City of Indianapolis*, (1939) 216 Ind. 155, 165, 23 N.E.2d 590, 594, it is stated:

"If a city ordinance undertakes to impose regulations which are in conflict with rights granted or reserved by the Legislature, such ordinance must be held invalid."

A review of *Medias* reveals that a conflict would be found where an ordinance sought to prohibit that which a statute expressly permitted, but no conflict would be found where an ordinance sought to supplement the burdens imposed by the statute, provided the additional burdens were logically consistent with the statutory purpose.

Article IV, sections 22 and 23, of the Indiana Constitution prohibits the General Assembly from enacting local laws for the punishment of crimes and misdemeanors and mandates that laws defining crimes and misdemeanors shall be general and of uniform operation throughout the state. Under these provisions of the constitution, when the legislature has enacted a general law defining a crime or a misdemeanor, such action necessarily implies that "there is no room for supplementary or complementary local legislation, even if the subject were otherwise one properly characterized as a 'municipal affair.'" *Lancaster* v. *Municipal Court For Beverly Hills*, (1972) 6 Cal.3d 805, 100 Cal. Rptr. 609, 494 P.2d 681. Under Article IV, sections 22 and 23, an impermissible conflict between a city ordinance and a criminal law of the state will exist whenever the ordinance contradicts, duplicates, alters, amends, modifies or extends the subject matter of the statute, and to the extent that *Medias* v. *City of Indianapolis* sanctions penal ordinances which do not directly contradict a criminal statute, it is hereby overruled.

With these principles in mind, we review Indianapolis Municipal Ordinance § 10-1021 which provides:

> *"Interfering with, or taunting officer.*—All persons arrested and also those in the vicinity of any police officer who is engaged in making an arrest, or in the conduct of a police investigation, shall respect the authority and lawful conduct of any such officer and the authority and dignity of the local and state governments and their enforcement agencies; and it shall be unlawful for any arrested person, or any person nearby, to belittle, jeer, taunt, ridicule, curse, or make remarks of a disparaging, or insulting nature, or in any way disrespectful of any such law enforcement officer or agency in the conduct of any such arrest, or when any investigation is being made under lawful authority by any such duly empowered law enforcement officers."

The penalty for § 10-1021 is found in § 10-1023 which provides:

> *"General penalty.*—Any person convicted of violating any provision of any section of this chapter, for which a specific penalty is not prescribed, shall be fined not more than three hundred dollars for each such offense, and may be imprisoned for not exceeding ninety days, or both."

The following statute, being Ind. Code § 35-21-4-1 (Burns 1975), must also be considered:

> *"Resisting or interfering with officer or person assisting him.*—Whoever shall forcibly assault, resist, oppose, obstruct, prevent, impede or interfere with any peace or police officer of this state, or any person assisting him, while such officer is arresting or attempting to arrest any person, or while such officer is engaged in the execution of any of the duties of such peace or police officer, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not to exceed one hundred dollars [$100] or imprisoned not more than six [6] months, or both."

Upon comparison of Ind. Code § 35-21-4-1 (Burns 1975) with § 10-1021 of the Indianapolis Municipal Ordinances, we hold the ordinance to be invalid as an attempted local law where the legislature acting under the constitution has determined that a general law shall apply.

In so holding, we place no reliance upon Ind. Code § 35-1-12-1 (Burns 1975) which provides:

*"State statutes—Ordinances.—*Whenever any act is made a public offense against the state by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be null and void, and all prosecutions for any such public offense as may be within the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the state law only. Provided, That every city and town shall have exclusive power to pass and enforce ordinances to keep the streets and other public places of any such city or town free from all obstructions, and to prevent the riding or driving of any vehicle or animal on any sidewalk therein except in the necessary act of crossing."

or the case law under this section, see e.g., *Mitsch* v. *City of Hammond,* (1954) 234 Ind. 285, 125 N.E.2d 21, for this preemptive statute is merely a legislative recognition of the constitutional mandate.

For the reasons stated herein, it was unnecessary for the trial court to consider the constitutionality of the statutes set forth in number four of its judgment order and that order is hereby set aside. The judgment of dismissal is, however, affirmed.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 342 N.E.2d 853.