Janet M. Setser, Clifford Faun Setser, Jr.,
Nancy E. Allen *v*. City of Fort Wayne.

[No. 3-474A57. Filed May 12, 1976. Rehearing denied June 15, 1976.]

*Edward N. Smith,* of Fort Wayne, *Robert S. McCain,* of Fort Lauderdale, Florida, for appellants.

*William N. Salin,* City Attorney, *Leonard E. Eilbacher,* Associate City Attorney, *William Briggs,* Police Legal Advisor, of Fort Wayne, for appellee.

STATON, P.J.—On July 5, 1973, the Fort Wayne City Attorney filed complaints against Clifford Setser, Janet Setser and Nancy Allen for violation of Fort Wayne General Ordinance G-13-72. Clifford Setser was charged with controlling a public nuisance, and Janet Setser and Nancy Allen were charged with patronizing a public nuisance. Trial was held before the court and all three defendants were found guilty as charged. Clifford Setser was sentenced to 180 days in the Allen County Jail and fined $500.00. Janet Setser and Nancy Allen were sentenced to 90 days in the Allen County Jail and fined $250.00. On appeal, the Setsers and Allen contend that the subject matter of Fort Wayne General Ordinance G-13-72 has been preempted by state law and, therefore, Ordinance G-13-72 is invalid.[1] We agree, and we reverse.

Fort Wayne General Ordinance G-13-72 provides:

"SECTION 1. The following are hereby declared public nuisances:

Any place, room, restaurant, tavern, store, club, theater, or other premises, indoor or outdoor, including, by way of illustration and not of limitation, any motor vehicle, any field, regardless of whether or not the primary purpose of such establishment authorized and/or licensed by any federal, state or local authority, which

a) is open to members of the public at large, regardless of whether admission is charged and regardless of whether admission is restricted to adults or to members of one sex or another;

---

1. The Setsers and Allen raise several other issues on appeal. Since we have found reversible error, it is unnecessary to discuss these other issues raised on appeal. *Cowan v. Murphy* (1975), 165 Ind.App. 566, 333 N.E.2d 802; *Clark v. Melody Bar, Inc.* (1971), 149 Ind.App. 245, 271 N.E.2d 481.

b)  Is open to members of one or more groups, incorporated or unincorporated;
and in which any of the following occurs,
c)  Conduct which violates the statutes of the State of Indiana pertaining to the sale and consumption of alcoholic beverages;
d)  Acts of prostitution;
e)  Acts of bestiality;
f)  Acts of sodomy;
g)  Gambling,
h)  The sale of and/or indulgence and drug misuse of drugs, narcotic drugs, dangerous drugs and harmful substances as those terms are defined in violation of the Indiana Drug Act and other statutes of the State of Indiana and amendments thereto;

"SECTION 2. Anyone who owns, leases, manages and/or controls premises which are found to be a public nuisance under the provisions of Section 1 hereinabove shall be guilty of a misdemeanor and shall be subject to imprisonment for a term not to exceed six months, and to payment of a fine not to exceed $500.00 and to payment of costs. Anyone frequenting or patronizing such premises shall be guilty of a misdemeanor and shall be subject to imprisonment for a term not to exceed three months, to payment of a fine not to exceed $250.00, and to payment of costs.

"SECTION 3. It shall constitute a public nuisance under the provisions of Section 1 and Section 2 hereinabove, and upon finding, judgment and conviction by a court of competent jurisdiction that there is a violation of any of the provisions of said Sections hereinabove, it shall be the duty of the police department or any member thereof, or any peace officer under direction and warrant from said court to cause such public nuisance to be abated and to assess the expense incident to such abatement either by causing them to be placed on a tax duplicate or by suit for foreclosure of a lien which is specifically given to the City of Fort Wayne by filing a notice thereof in the Office of the Recorder of Allen County, Indiana.

"SECTION 5. If any section, clause, sentence, paragraph, part or provision of this Ordinance shall be held invalid by any court, it shall be conclusively presumed that this Ordinance would have been passed by the Common Council without such invalid section, clause, sentence, paragraph, part or provision.

"SECTION 6. Chapter 19, Section 14.1 of the Municipal Code of the City of Fort Wayne, Indiana is hereby repealed.

"SECTION 7. This Ordinance shall be in full force and effect from and after its passage, approval by the Mayor and legal publication thereof."

Article IV, sections 22 and 23 of the Indiana Constitution provide:

"§ 22. *Local or special laws forbidden.*—The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say:
* * *
[2.] For the punishment of crimes and misdemeanors;
. . ."

"23. *Laws must be general.*—In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

The Supreme Court of Indiana has recently held an Indianapolis municipal ordinance invalid as an attempted local law where the General Assembly had already determined that a general law applied. *State* v. *Sablica* (1976), 264 Ind. 271, 342 N.E.2d 853. In discussing Article IV, sections 22 and 23, the Court stated:

"Article IV, sections 22 and 23, of the Indiana Constitution prohibits the General Assembly from enacting local laws for the punishment of crimes and misdemeanors and mandates that laws defining crimes and misdemeanors shall be general and of uniform operation throughout the state. Under these provisions of the constitution, when the legislature has enacted a general law defining a crime or a misdemeanor, such action necessarily implies that 'there is no room for supplementary or complementary local legislation, even if the subject were otherwise one properly characterized as a "municipal affair." ' *Lancaster* v. *Municipal Court For Beverly Hills,* (1972) 6 Cal.3d 805, 100 Cal.Rptr. 609, 494 P.2d 681. Under Article IV, sections 22 and 23, an impermissible conflict between a city ordinance and a criminal law of the state will exist whenever the ordinance contradicts, duplicates, alters, amends, modifies or extends the subject matter of the statute. . . ." *State* v. *Sablica* (1976), 264 Ind. 271 at 273, 342 N.E.2d at 854-55.

Janet Setser and Nancy Allen were specifically found guilty of patronizing a public nuisance in which acts of pros-

titution and sodomy had occurred under Section 2 of Ordinance G-13-72. The subject matter of G-13-72 as it pertains to Nancy Allen and Janet Setser is clearly covered by IC 1971, 35-30-1-1 (Burns Code Ed.) which at the time of the offenses charged herein provided:

"Any female who frequents or lives in a house or houses of ill fame, knowing the same to be a house of ill fame, or who commits or offers to commit one [1] or more acts of sexual intercourse or sodomy for hire, shall be deemed guilty of prostitution and on conviction thereof shall either be fined not less than one hundred dollars [100] nor more than five hundred dollars [$500]; and imprisonment not to exceed 180 days or such person may be imprisoned in the Indiana women's prison not less than two [2] years nor more than five [5] years."

The City of Fort Wayne argues that Ordinance G-13-72 proscribes different conduct than IC 1971, 35-30-1-1 in that the Ordinance proscribes "patronizing" a public nuisance while the statute proscribes "frequenting" a house of ill fame.[2] Assuming *arguendo* that conduct termed as frequenting is distinguishable from conduct termed as patronizing, we would point out that to be unconstitutional under Article IV, sections 22 and 23, the offending city ordinance need not expressly contradict or completely duplicate the state statute before it is invalid as an attempted local law. *State* v. *Sablica, supra.* It is also impermissible for the City of Fort Wayne to attempt to extend or alter the conduct proscribed by IC 1971, 35-30-1-1.

Clifford Setser was charged and convicted of controlling a public nuisance in which acts of prostitution and sodomy occurred under Section 2 of Ordinance G-13-72 applicable to "[a]nyone who owns, leases, manages and/or controls premises. . . ." This same conduct

---

2. The Supreme Court of Indiana in *Sumpter v. State* (1974), 261 Ind. 471, 306 N.E.2d 95 indicated that a massage parlor could be considered a "house of ill fame" within the meaning of IC 1971, 35-30-1-1. In this case, the place where the prostitution and sodomy allegedly took place was the Geisha House Massage Parlor.

is proscribed by IC 1971, 35-1-83-2 (Burns Code Ed.) which at the time of the alleged offense provided:

"Whoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, or knowingly lets a house to be so kept, or knowingly permits a house which he has let to be so kept, shall be fined not less than ten dollars [$10.00] nor more than one hundred dollars [$100], to which may be added imprisonment in the county jail not exceeding six [6] months."

The provisions of Fort Wayne General Ordinance G-13-72, under which Clifford Setser, Janet Setser and Nancy Allen were convicted, cover the offenses of keeping a house of ill fame and frequenting a house of ill fame as defined by state statute. Insofar as Ordinance G-13-72 attempts to proscribe such conduct, it is unconstitutional under IND. CONST. art. 4, §§ 22, 23. Accordingly, the judgment of the trial court is hereby reversed with instructions to set aside the convictions of Clifford Setser, Janet Setser and Nancy Allen.

Garrard, J., concurs in result; Hoffman, J., concurs.

NOTE.—Reported at 346 N.E.2d 642.