JACQUELINE R. MASSEY, VICTOR FRANK HAMMAN, RICHARD DWIGHT SELLERS *v.* THE CITY OF MISHAWAKA

[No. 3-376A76. Filed July 10, 1978.]

*Leonard V. Campanale*, of Mishawaka, *Gilbert H. Deitch*, of Atlanta, Georgia, for appellant.

*R. Wyatt Mick, Jr.*, of Mishawaka, for appellee.

HOFFMAN, J. — The defendants-appellants appeal their convictions for violation of Mishawaka City Ordinance No. 1841, also referred to as Section 4, Title 325 of the Municipal Code of the City of Mishawaka, Indiana.[1]

The charges were brought in two-count affidavits filed on June 18, 1974. Probable cause was found and arrest warrants were issued against the three defendants on June 25, 1974. The causes were consolidated for purposes of trial and appeal, and after the denial of defendants' consolidated motion to dismiss on March 6, 1975, the causes proceeded to trial on May 12, 1975.

On that date the parties, in lieu of testimony, presented evidence by stipulation as follows:

"1.   That on the date and at the time of each defendant's arrest,

---

1.   "Section 4. *Sale, Loan, Exhibition, or Public Possession of Obscene Literature Unlawful.* It shall be unlawful for any person, corporation, or officer, agent, director or employee of a corporation, knowingly, to sell, loan, exhibit or possess in public any book, magazine, pamphlet, paper, writing, card, advertisement, circular, print, picture, photograph, instrument, statue, drawing, or other similar material defined by this Ordinance as obscene."

The Ordinance defines obscenity as follows:

"Section 1. *Obscenity.* Material under this Title shall be considered obscene and unlawful if:

A.   The average person applying contemporary community standards would find that the material, taken as a whole, appeals to the prurient interests; and

B.   The material depicts or describes patently offensive representations or descriptions of ultimate sex acts, normal or perverted, actual or simulated, or patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals; and

C.   The material, taken as a whole, lacks serious literary, artistic, political or scientific value."

the City of Mishawaka's Municipal Ordinance Number 1841, more commonly known as Title 325 of the Municipal Code of the City of Mishawaka, was in full force and effect in the City of Mishawaka; and that the certified copy of the said Ordinance which is attached hereto, incorporated by reference herein and marked Exhibit 'A', is admitted into evidence as a true and accurate copy of said Ordinance. However, each of the defendants specifically reserves his or her objection to the constitutionality of said Ordinance.

"2. That on June 15, 1974 in the City of Mishawaka, St. Joseph County, State of Indiana, the defendant Victor Frank Hamman did sell to Captain John A. Filippone and Lieutenant Lanny Kizer magazines entitled 'Teenage Whores—Vol. 1. No. 1' and 'Everybody Needs Meat—Stud No. 3'.

"3. That on June 15, 1974 in the City of Mishawaka, St. Joseph County, State of Indiana, the defendant Jacqueline R. Massey did sell to Captain Jack Hawley and Officer Michael Stebbins magazines entitled 'Hard to Handle—No. 1' and 'Insight—Vol. 1. No. 1'.

"4. That on June 15, 1974 in the City of Mishawaka, St. Joseph County, State of Indiana, the defendant Richard Dwight Sellers did sell to Lieutenant Franklin D. Powell and Lieutenant James Whitfield magazines entitled 'Arouse' and 'It Hurts So Nice'.

"5. That the following magazines entitled:

A. 'It Hurts So Nice',
B. 'Arouse',
C. 'Teenage Whores—Vol. 1. No. 1'
D. 'Everybody Needs Meat—Stud No. 3',
E. 'Hard to Handle—No. 1', and
F. 'Insight—Vol. 1. No. 1'

are the same magazines sold by each of the different defendants to members of the Mishawaka Police Department on June 15, 1974 in the City of Mishawaka, St. Joseph County, State of Indiana; and that no substitution of magazines or change in the content of any magazine has occurred since the magazines came into the possession of the Mishawaka Police Department."

The trial court took the causes under advisement until October 15, 1975, at which time the defendants were found guilty. Each defendant

was fined $200 plus costs and sentenced to five days in the county jail. The sentences were suspended on provision that no violation recur.

Thereafter the defendants timely filed their motion to correct errors which was denied. This appeal follows.

The following issues are presented for review:[2]

1. Whether the trial court erred in denying defendants' consolidated motion to dismiss;

2. Whether the city ordinance involved is void in that such legislation is within the police powers of the State of Indiana to the exclusion of the City of Mishawaka;

3. Whether the charging affidavit against each defendant is void for multiplicity in that each affidavit contains two counts based on a single transaction;

4. Is the decision of the trial court contrary to law for any of the reasons stated above and, assuming the validity of the pertinent ordinance, were the defendants denied the right to an adversary hearing prior to the seizure of the magazines in question as provided by Section No. 6 of said ordinance?

Since appellants' brief is a restatement of their consolidated motion to dismiss, the resolution of issue one will be embodied in the discussion of issues two, three, and four.

The appellants contend that the City of Mishawaka lacked the power to enact an ordinance with criminal penalties such as Ordinance No. 1841. Appellants' argument in support of this contention can be stated as follows: Municipal corporations have no residual, inherent, or home-rule police powers since municipalities are the creations of the Legislature, and all municipal powers, express or implied, must derive from legislative grant. Such a legislative grant of

---

2. Appellants allege that the ordinance in question is void for vagueness in violation of both the federal and state constitutions. They also claim that the decision of the trial court is not supported by sufficient evidence. However, the appellants have presented no arguments to support these contentions. Therefore, the issues are waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7); *Burress v. State* (1977), 173 Ind.App. 286, 363 N.E.2d 1036.

authority is the *"Powers of Cities Act"*, IC 1971, 18-1-1.5-1 *et seq.* (Burns Code Ed.). Section 19(b) of that Act authorized a city to define and provide punishment for the violation of ordinances, such punishment not to exceed imprisonment for six months, or a fine of $1,000, or both. The municipal ordinances contemplated by the *"Powers of Cities Act"* are local laws of the State since municipalities derive their authority from the General Assembly. Furthermore, it is the sole province of the Legislature to define criminal offenses and to set the penalties thereon. However, Art. 4, § 22 of the Indiana Constitution prohibits the General Assembly from passing local or special laws "(2) For the punishment of crimes and misdemeanors[.]" Moreover, Art. 4, § 23 of the Indiana Constitution requires that "[i]n all cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." For these reasons defendants conclude that Mishawaka City Ordinance No. 1841 is a local law which defines and provides for the punishment of a misdemeanor. Further, since the General Assembly is constitutionally restrained from enacting local or special laws for the punishment of crimes and misdemeanors, the conclusion follows that the General Assembly could not delegate authority to the City of Mishawaka, which authority was denied the Legislature itself by the Indiana Constitution, Art. 4, §§ 22, 23.

Appellants' argument is a direct attack upon the constitutionality of the *"Powers of Cities Act."* The logical extension of the argument challenges all Indiana municipal ordinances which are criminal in nature.

The appellants are correct in their contention that Indiana municipal corporations are entities created by the State Legislature and possess only those powers granted to them by the State.

*Southern Railway Company v. Harpe* (1944), 223 Ind. 124, 58 N.E.2d 346;

*City of Evansville v. Byers et al.* (1964), 136 Ind. App. 448, 202 N.E.2d 399.

The United States Supreme Court addressed this issue in the case of *District of Columbia v. John R. Thompson Co.* (1953), 346 U.S. 100, 73 S.Ct. 1007, 97 L.Ed. 1480, where it is stated:

"There is no reason why a state, if it so chooses, may not fashion its basic law so as to grant home rule or self-government to its municipal corporations.

\* \* \* \* \*

"So it is that decision after decision has held that the delegated power of municipalities is as broad as the police power of the state, except as that power may.be restricted by terms of the.grant or by the state constitution." *Id.* at 108, 109.

This inquiry must then turn to the granting statute, which is the Indiana *"Powers of Cities Act,"* and the Indiana Constitution in order to determine if the broad police powers of municipal corporations are restricted thereby.

IC 1971, 18-1-1.5-1 provides:

"Powers of Cities — General — Limitations. — All cities shall have the powers set forth in subsequent sections of this chapter [18-1-1.5-1 — 18-1-1.5-30], which powers may be exercised within their territorial limits, and in such additional areas as may be specified herein, to the extent deemed by the appropriate branch officer, department or agency of any city to be necessary or desirable in the public interest of its inhabitants. Any such power may be exercised by a city under authority of this chapter only if and to the extent that such power is not by express provision denied by law or by express provision vested by any other law in a county, township, or the state, special taxing district or separate municipal or school corporation."

The city power with which we are concerned is found in Section 18-1-1.5-2 which provides in part:

"Corporate and Procedural Powers. — A. city shall have power to establish and operate a government for the purpose of carrying out its powers and functions. The power to establish, control and operate a government shall include, but not be limited to, the power to:

\* \* \* \* \*

"(i)  Enact ordinances, declare the violation of an ordinance to be a misdemeanor and establish penalties for such violation, subject to the limitations of section 19 [18-1-1.5-19] of this chapter[.]"

Clearly the Legislature has granted to cities the power to enact ordinances and to provide punishment for their violation subject to the limitations of Section 18-1-1.5-19. Prior to the 1977 amendment[3] that section provided in part:

"Powers denied.— A city shall not have or exercise either of the following powers, which powers shall be reserved exclusively to the state:

(a)     The power to enact laws governing private or civil relationships, except as an incident to the exercise of an independent municipal power;

(b)     The power to define and provide for the punishment of crime, except that a city may define and provide punishment for the violation of ordinances, subject to the following limitations:

   (1)     The conduct for which punishment is provided shall not also constitute a violation of a law enacted by the general assembly; and

   (2)     No ordinances shall provide for imprisonment in excess of six [6] months, or a fine in excess of one thousand dollars [$1,000]; but a combination of fine and imprisonment not exceeding such limits may be provided."

The power of the City of Mishawaka to enact and enforce Ordinance

---

3.     Amended as follows:

   "18-1-1.5-19 [48-1469]. Powers denied [effective October 1, 1977].— A city may not exercise the following powers:

(1)     The power to enact laws governing private or civil relationships, except as an incident to the exercise of an independent municipal power.

(2)     The power to define and provide for the punishment of offenses, except that a city may define and provide punishment for the violation of ordinances if:

   (A)     The conduct for which punishment is provided does not also constitute a violation of a statute; and

   (B)     The ordinance does not provide for imprisonment, or for a fine in excess of one thousand dollars [$1,000].

(3)     The power to require a franchise, certificate, or permit to operate any common or contract carriers of passengers or property, operating under the jurisdiction of the public service commission of Indiana. [IC 18-1-1.5-19, as added by Acts 1971, P.L. 250, § 1, p. 955; 1977, P.L. 195, § 3, p. 896.]"

No. 1841 was circumscribed by the terms of the statutory grant in that conduct proscribed by state law could not be punished by city ordinance and the penalty for ordinance violations was limited by statute. When Mishawaka Ordinance No. 1841 was enacted, no state statute proscribed the conduct of the defendants.[4] Similarly, at the time defendants sold the magazines and were charged, no state statute prohibited the sales.[5] Furthermore, the ordinance in question contained the following penalty provision:

"Section 9.    *Penalty*. Any person or corporation violating any provision of this Title shall be guilty of a misdemeanor and upon conviction shall be subject to a fine of not less than One Hundred Dollars and 00/100 ($100.00), nor more than Five Hundred Dollars and 00/100 ($500.00), or imprisonment for a period not to exceed One Hundred Eighty (180) days, or both such fine and imprisonment. . . ."

Therefore, Mishawaka City Ordinance No. 1841, more commonly known as Title 325 of the Mishawaka Municipal Code, was well within the grant of authority contained in the "*Powers of Cities Act,*" IC 1971, 18-1-1.5-1 *et seq.* (Burns Code Ed.).

However, appellants allege that the legislative scheme comprised of the "*Powers of Cities Act*" and Mishawaka Ordinance No. 1841 is constitutionality infirm insofar as it offends Art. 4, §§ 22 and 23 of the Indiana Constitution. A perusal of those sections shows appellants' contention to be without merit.

Article 4, §§ 22 and 23 provide as follows:

"§22.    Local or special laws forbidden. — The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say:

---

4.    The previous state statutes, IC 1971, 35-30-10-1 — 35-30-10-3, Ind. Ann. Stat. §§ 10-2803 — 10-2803b (Burns 1956 Repl.), were declared unconstitutional in *Mohney v. State* (1973), 261 Ind. 56, 300 N.E.2d 678; *Stroud v. State* (1973), 261 Ind. 58, 300 N.E.2d 100; *Thomas v. State* (1973), 158 Ind. App. 496, 303 N.E.2d 293.

5.    On July 9, 1975, subsequent to the trial in this case but prior to the date of judgment, IC 1971, 35-30-10.1-1 — 35-30-10.1-8, Acts 1975, P.L. 341, §§ 1 and 2, p. 1813-1816, was promulgated.

* * * * *

For the punishment of crimes and misdemeanors;

* * * * *

"§23.    Laws must be general. — In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

The meaning of § 22 is clear. The General Assembly is prohibited from passing local or special laws in the cases enumerated which include "for the punishment of crimes and misdemeanors." The meaning of § 23 can be ascertained from its reference and relationship to § 22.

Sections 22 and 23 were combined in a single section throughout the constitutional convention until the committee on revision, arrangement, and phraseology segregated the sections four days prior to adjournment. See: *Constitutional Convention Journal*, 1851. Furthermore, Art. 4 of the Indiana Constitution has as its sole subject the legislative branch of the state government. Article 4, § 1, vests the legislative authority of the state in the General Assembly, and the remaining sections of Art. 4 pertain to the membership, procedure, and legislative form of that body. Thus, the integral relationship of §§ 22 and 23 reveals their common subject matter, specifically, the laws of the General Assembly.

The appellants essentially contend the City of Mishawaka Ordinance No. 1841 is violative of Art. 4, § 23, because the law is not general and of uniform operation throughout the state. However, if appellants' interpretation were accurate, the enactment of criminal municipal ordinances would be completely precluded because ordinances by their very nature defy a general and uniform operation throughout the state.

Article 4, §§ 22 and 23 prohibits the General Assembly from enacting local laws for the punishment of crimes and misdemeanors and mandates that laws of the General Assembly defining crimes and misdemeanors shall be general and of uniform operation throughout the state.

*City of Indianapolis v. Sablica* (1976), 264 Ind. 271, 342 N.E.2d 853;

*Setser v. City of Fort Wayne* (1976), 169 Ind. App. 138, 346 N.E.2d 642.

It is clear that the mandate of § 23 is directed to the laws of the General Assembly not to the ordinances of municipalities.

The appellants allege that the *"Powers of Cities Act"* violates the mandate of Art. 4, §§ 22 and 23 by granting to municipalities the authority to define and provide punishment for the violation of ordinances. This contention fails.

The Indiana *"Powers of Cities Act"* is a general law which operates uniformly throughout the state. Section 2 of the Act grants to cities the power *inter alia* to: "(i) Enact ordinances, declare the violation of an ordinance to be a misdemeanor and establish penalties for such violations, subject the limitations of section 19 [18-1-1.5-19] of this chapter . . . " Neither Section 2 nor Section 19 defines crimes and misdemeanors. Additionally, the sections of the *"Powers of Cities Act"* which deal with the punishment of misdemeanors are uniformly operative throughout the state.

Thus, neither the Indiana *"Powers of Cities Act"* nor Mishawaka Ordinance No. 1841 is violative of Art. 4, §§ 22 and 23 of the Indiana Constitution. The entire *"Powers of Cities Act"* including § 19, which deals with the punishment of misdemeanors, is a general law which operates uniformly statewide. Mishawaka Ordinance No. 1841 need not so operate.

In the present case each defendant sold two magazines and was charged with the sale of each magazine.

The appellants contend that the two-count charging affidavits against each defendant are void for multiplicity in that there was but a single transaction relative to each assusation so that there should have been but one criminal affidavit consisting of one count.

Appellants' argument consists of a lengthy analysis of the conflicting law of multiplicity. None of the numerous cases cited by the appellants hold that an affidavit is void for multiplicity. The cases deal with the problem of separate sentences imposed for multiple offenses arising from a single act. That problem is not here presented. Each defendant was

convicted of one offense and received a single punishment. Therefore, the charging affidavits are not void for multiplicity.

Finally, the appellants contend they were improperly denied the right to an adversary hearing prior to the seizure of the magazines in question pursuant to the provisions of Section 6 of the ordinance.

Section 6 provided:

"Section 6.  *Adversary Proceedings Available Before Seizure of Any Book, Magazine, Pamphlet, Paper, Writing, Card, Advertisement, Circular, Print, Picture, Photograph, Instrument, Statue, Drawing or Other Similar Material.*

A.  An adversary proceeding for judicial determination of obscenity shall be conducted by the Trial Court before seizure of any book, magazine, pamphlet, writing, card, advertisement, circular, print, picture, photograph, instrument, statue, drawing, or other similar material, at the request of an interested party.

   1.  The adversary proceeding shall occur within ten (10) days after request.

   2.  All parties may subpoena witnesses and present evidence.

   3.  If the Trial Court finds the book, magazine, pamphlet, writing, card, advertisement, circular, print, picture, photograph, instrument, statue, drawing, or similar material to be obscene the cause shall proceed on the court docket to trial, and the Trial Court shall issue a warrant for the seizure of the said material found to be obscene and any copy thereof. All of the said material seized shall be preserved by the City as evidence and disposed of in accordance with the provisions of this Ordinance.

   4.  If the Trial Court finds the said material not to be obscene at the adversary proceeding, all charges pending against any party for violation of this Ordinance shall be dismissed."

The record does not disclose a request by any of the defendants for a judicial determination of obscenity. Furthermore, the magazines were not seized. They were purchased. Accordingly, the defendants were not entitled to a prior adversary determination of obscenity under the ordinance.

No reversible erorr having been demonstrated, the judgments of the trial court are affirmed.

Affirmed.

Garrard, P.J. concurs.

Lowdermilk, J., participating by designation, concurs.

NOTE—Reported at 378 N.E.2d 14.