STATE OF INDIANA, ACTING BY AND THROUGH THE INDIANA STATE
BOARD OF ACCOUNTS AND ITS INDIVIDUAL MEMBERS, AS
FOLLOWS:   KENNETH BEESLEY, RICHARD WORLEY AND
CHARLES STOUT *v.* TOWN OF ROSELAND, INDIANA

[No. 3-1077A255. Filed December 28, 1978. Rehearing denied
February 9, 1979. Transfer denied June 5, 1979.]

*Theodore L. Sendak,* Attorney General of Indiana, *Arthur Thaddeus Perry,* Assistant Attorney General, for appellants.

*James F. Groves, Noell, Groves & White,* of South Bend, *James E. Hughes, Gordon L. Pittenger, Sommer, Barnard, Freiberger & Scopelitis,* of Indianapolis, for appellee.

STATON, J.—The Town of Roseland, Indiana, brought an action for declaratory judgment, seeking determination of an actual controversy

regarding whether the Town could retain in its general fund fines assessed for violations of local speeding ordinances. The trial court entered declaratory judgment in favor of the Town of Roseland. The State appeals. Finding no error, we affirm.

The parties to the controversy stipulated that there was no dispute as to the facts alleged in the Town's complaint. After considering the pleadings and having heard argument, the trial court issued the following Findings of Fact and Conclusions of Law:

## "FINDINGS OF FACT

"1. The plaintiff, Town of Roseland, is a duly incorporated Town under the laws of the State of Indiana.

"2. Defendants Beesley, Stout and Worley are the duly appointed and qualified members of defendant, State Board of Accounts, which is the agency of the State of Indiana charged with the responsibility of examining the books and records of all public officers in the State.

"3. In 1971, the Town of Roseland adopted an ordinance governing 'the operation of a system for enforcing traffic violations occurring within the Town;' the plaintiff adopted the ordinance under authority granted by Indiana Code Sections 18-3-1-52 and pursuant to the provisions of the 1971 ordinance, fines levied for speeding violation are deposited in the General Fund of the Town.

"4. On November 24, 1976 defendant, Beesley, as State Examiner and member of the State Board of Accounts, sent to all city clerks, city and town clerk-treasurers and city and town judges a memorandum stating that arrests for speeding on city or town streets and highways should be made under State statutes, not local ordinance, and that fines assessed should be deposited into the Common School Fund, not the local General Fund.

"5. The November 24, 1976 memorandum is based on Official Opinion No. 23 of 1976 of the Attorney General of Indiana; that Opinion, in turn, cites for its support the holding of the Supreme Court of Indiana in the case of *City of Indianapolis v. Sablica* (1976), 264 Ind. 271, 342 NE 2d 853.

"6. As a consequence of these facts, an actual and justiciable controversy exists between the Town of Roseland and the State of Indiana, and Roseland faces possible civil action by the State of Indiana making it necessary for the Town of Roseland to bring this declaratory judgment action.

## *"CONCLUSIONS OF LAW*

"1. The Court has jurisdiction to hear this case pursuant to the Uniform Declaratory Judgments Act, Indiana Code Sections 34-4-10-1 through 34-4-10-16.

"2. The Town of Roseland has the authority to enact ordinances, to declare the violations of said ordinances to be misdemeanors and to establish penalties for the violations thereof, all pursuant to Indiana Code Sections 18-1-1.5-2(9); and specifically the Town of Roseland may enact speeding ordinances so long as they are not in conflict with or do not duplicate State speeding laws.

"3. That the Town of Roseland, and all other cities and towns, derive their authority to regulate speed on local streets from the Town Government Act of 1969, specifically known as Indiana Code Section 18-3-1-52 which provides in part as follows:

'Whenever the Board of Trustees of any town shall, by ordinance; ... regulate the speed of vehicles on the streets, alleys or public places within the town; ... the Town Board may also provide in the ordinance that in lieu of the persons being charged for such violations in Justice of the Peace or Town Court or other Court of competent jurisdiction for the penalties prescribed in the ordinance, the person so charged may pay (within a time limit and pursuant to other reasonable rules prescribed in the ordinance) to the Town Clerk-Treasurer for the benefit of the General Fund of the town an amount not to exceed Twenty-five dollars ($25.00).'

"Furthermore, by the alteration of the prima facie speed limits of its local streets to twenty (20) miles per hour in residential districts, the Town of Roseland has acted under the authority of Indiana Code Section 9-4-1-27, 9-4-1-28, and 9-4-1-58; the authority of cities and towns to make such alterations has been upheld in *Mitsch v. City of Hammond* (1955), 234 Ind. 285, 125 NE 2d 21, 126 NE 2d 247 and *Medias, et al v. City of Indianapolis* (1939), 216 Ind. 155, 23 NE 2d 590.

"4. The 1971 Roseland ordinance establishing twenty (20) miles per hour speed limits on certain residential streets is logically consistent with State law and does not conflict with the provisions of Indiana Code Sections 9-4-1-57 and 9-4-1-127 which prescribes the maximum lawful speed and provides the penalties for speeding violations on all highways and streets within the state. Therefore, the 1971 Roseland ordinance assumes the posture of an independent municipal law and not a mere supplement, duplication or

modification of State law. Rather, it stands on its own merit as an independent ordinance which was passed and is enforced under the authority of Indiana statutes.

"5.   The enforcement of the 1971 Roseland ordinance is the enforcement of nothing more than municipal law, the violation of which is not a crime in the ordinary sense of the word, but a misdemeanor or infraction. The enforcement of the ordinance is not tantamount to the enforcement of the State law, and therefore, the conduct of the Town of Roseland in passing and enforcing its 1971 ordinance is not in conflict with the ruling in *City of Indianapolis v. Sablica* (1976), 264 Ind. 271, 342 NE 2d 853.

"It is this Court's interpretation of the Sablica decision that the Indiana Supreme Court intended only that ordinances which attempt to duplicate and supersede state statutes are invalid. This Court does not believe that the Indiana Supreme Court intended by the Sablica decision to deprive municipal corporations of authority to regulate speed upon streets within their boundaries which have not been duly designated to be State Highways.

"6.   Cities and towns have the statutory right to make their own local laws, and *Sablica* qualifies that right only to the extent that it prohibits towns from making laws which conflict with or duplicate state statutes which preempt a given subject.

"Since the 1971 Roseland ordinance is a wholly independent municipal law, the enforcement of which is not the enforcement of 'State law,' no conflict exists between the ordinance and Article 8, Section 2 of the Indiana Constitution.

"7.   Fines received for speeding violations under the ordinance are not assessed under State statutory provisions and may be paid into the Town General Fund pursuant to Indiana Code Sections 18-3-1-52.

"8.   The law is with the plaintiff and against the defendant, although the plaintiff is not entitled to injunctive relief but only to declaratory relief.

### "ORDER

"IT IS THEREFORE ORDERED that the plaintiff, Town of Roseland, may by ordinance alter or establish prima facie speed limits on its streets within its boundaries not duly designated to be State Highways, so long as the ordinance does not conflict with or duplicate the State speed statutes; that the plaintiff may deposit

the fines assessed for violation of its ordinance into its General Fund."

The State filed its Motion to Correct Errors, challenging the court's conclusions of law numbers 4, 5, 6, 7, and 8. The motion was denied.

On appeal, the State argues that, since a state statute exists concerning speed limits, *all* speeding violations must be treated under that statute. Fines for speeding violations must be assessed pursuant to state law and must be paid into the common school fund, under Article 8, Section 2, of the Constitution of Indiana. The State relies upon 23 Op. Att'y. Gen. 69 (1976), to support its position.

The Town of Roseland argues that local ordinances setting speed limits are not prohibited by the Constitution of Indiana. In fact, state statutes authorize passage of such ordinances and allow a town to retain fines assessed for violations of local speeding ordinances.

The State's reliance upon 23 Op. Att'y Gen. 69 (1976), is misplaced. A careful reading reveals that the Opinion deals only with the question of whether a city or town may enact ordinances which *duplicate* state statutes regulating the speed of vehicles. The Opinion reaches only the following conclusion: that municipalities may not enact ordinances which duplicate state statutes with criminal penalties for speeding violations. Fines paid for violations of *state* speed laws are to be paid into the state common school fund. The Opinion does not address the issue at hand, that is, whether a town may retain fines assessed for violations of local speeding ordinances[1] which alter the general speed limits contained in the state statute.

## I.

### Constitutional Question

The State cites *City of Indianapolis v. Sablica* (1976), 264 Ind. 271, 342 N.E.2d 853, for the proposition that, since a state statute governs speed limits, under the Constitution of Indiana "no room" exists for local legislation concerning speed limits. *See also Setser v. City of Fort Wayne* (1976), 169 Ind.App. 138, 346 N.E.2d 642.

---

1. The ordinance in question establishes a twenty mile per hour speed limit on certain residential streets in Roseland.

The court in *Sablica* stated:

"Article IV, sections 22 and 23, of the Indiana Constitution pro-
hibits the General Assembly from enacting local laws for the punish-
ment of crimes and misdemeanors and mandates that laws defining
crimes and misdemeanors shall be general and of uniform opera-
tion throughout the state. Under these provisions of the constitu-
tion, when the legislature has enacted a general law defining a crime
or a misdemeanor, such action necessarily implies that 'there is
no room for supplementary or complementary local legislation, even
if the subject were otherwise one properly characterized as a
"municipal affair," ' . . . Under Article IV, sections 22 and 23, an
impermissible conflict between a city ordinance and a criminal law
of the state will exist whenever the ordinance contradicts,
duplicates, alters, amends, modifies or extends the subject matter
of the statute, . . ."

342 N.E.2d 854-55. The holding in *Sablica*, which is based upon an inter-
pretation of constitutional provisions, is inapplicable to our present case.
*Sablica* and *Setser, supra*, each struck down a local ordinance which pur-
ported to prohibit conduct already made criminal under a state statute.

A state government should be deeply interested in uniformly apply-
ing laws relating to general criminal conduct. Article 4 of the
Constitution of Indiana contains the following relevant
language:

"§ 22.   Local or special laws forbidden. — The General Assembly
shall not pass local or special laws, in any of the following
enumerated cases, that is to say:

"[2.]   For the punishment of crimes and misdemeanors;

and,

"§ 23.   Laws must be general. — In all the cases enumerated in the
preceding Section, and in all other cases where a general law can
be made applicable, all laws shall be general, and of uniform opera-
tion throughout the State."

When read together, the provisions merely state that the General
Assembly, when passing laws which punish crimes and misdemeanors,
may not pass laws that are local in application; but all laws must be

general and capable of uniform application.[2] In the present case, the State acted in accordance with these provisions when it passed *general* maximum speed limits for urban areas, highways, and "other locations." However, the State recognized that it could not anticipate local traffic situations which would require different speed limits. And, under the Constitution, the State had no power to pass local or special laws setting speed limits in individual locations.[3] The choice the State faced was as follows:

(1) it could have passed a more comprehensive general speeding statute to apply to a greater variety of situations, with the recognition that a rigid system of speed limits would result;

(2) it could pass certain maximum speed limits and empower each local authority to pass ordinances which established speed limits, taking into account particular local problems and conditions.

The State chose the latter course of action.

We find no constitutional impediment to the Town's enactment of local speeding ordinances.

## II.

### Statutory Provisions

There is no question that the State controls all public highways and streets in Indiana. Under such authority, the State enacted IC 1971, 9-4-1-57 (Burns Code Ed.), which provides for a thirty mile per hour speed limit in any urban district, and a fifty-five mile per hour speed limit on interstate roads and other locations. The statute does not pretend to deal comprehensively with speed limits.

The State is empowered to delegate supervision and control, including the power to adopt reasonable regulations, to governmental subdivisions. In IC 1971, 9-4-1-58 (Burns Code Ed.), the State authorizes local authorities to determine and declare reasonable and safe maximum speed limits, within certain guidelines. The Town

---

2. The corollary, that is, that the State's prerogative to act preempts local initiative in a particular area, does not apply where, as here, we are dealing with laws not particularly susceptible of general application.

3. *See Massey v. City of Mishawaka* (1978), 177 Ind.App. 79, 378 N.E.2d 14.

of Roseland passed a speeding ordinance pursuant to that authorization. The Town was empowered to establish penalties for violation of such an ordinance under IC 1971, 18-1-1.5-2(9) (Burns Code Ed.).

We are unable to find a statute which dictates that a violation of an ordinance passed pursuant to IC 1971, 9-4-1-58, demands conviction under IC 1971, 9-4-1-57. The Motor Vehicle Code itself provides that a person who violates IC 1971, 9-4-1-57 commits a Class C misdemeanor. IC 1971, 9-4-1-127(a) (Burns Code Ed.). The Code fails to provide any penalty for violation of an ordinance passed pursuant to IC 1971, 9-4-1-58. We are unable to conclude that a fine assessed under an ordinance passed pursuant to IC 9-4-1-58 constitutes a fine assessed for the breach of a penal law of the State, within the contemplation of Article 8, Section 2 of the Constitution. Therefore, such a fine does not automatically become a part of the common school fund.

Finally, the Town of Roseland was specifically empowered to retain in its general fund fines assessed for speeding violations, in an amount not to exceed $25.00. IC 1971, 18-3-1-52 (Burns Code Ed.).[4] Under this statute, the Town is required to certify to the State all violations of the ordinance altering the State's general speed limits. We note that the statute in its amended form no longer states that a violation of.such an ordinance shall be considered a conviction under state law.

In conclusion, we hold that the trial court was correct in stating that the Town of Roseland was empowered to pass ordinances setting speed limits on streets within its boundaries which are not designated as State highways, so long as such ordinances do not conflict with or duplicate the state statute setting speed limits; and that the Town may deposit into its general fund fines assessed for violation of such ordinances.

The judgment of the trial court is affirmed.

Garrard, P.J. concurs.

Hoffman, J., concurs in result with opinion.

---

4.   The State does not dispute the trial court's conclusion number 3, which deals with the effect of this statute.

## CONCURRING OPINION

HOFFMAN, J. — I concur in the result since the record of the proceedings does not contain the city ordinance here in question. If the city ordinance applies only to the difference between the city ordinance speed and the speed fixed by state statute, IC 1971, 9-4-1-57 (Burns Code Ed.), then I would concur in the majority opinion. However, if the ordinance covers the speed set by state statute, then the question of duplication is before us. In other words, the city ordinance cannot apply to anyone who is exceeding thirty (30) miles per hour in an urban area.

NOTE — Reported at 383 N.E.2d 1076.