**CITY OF HAMMOND, LAKE COUNTY, Indiana, et al., Appellants-Defendants,**

v.

**N. I. D. CORPORATION, Larry Harrell, and Morris Victor and Nu Company, Inc., Appellees-Plaintiffs.**

No. 4–781A49.

Court of Appeals of Indiana, Fourth District.

May 17, 1982.

Rehearing Denied July 19, 1982.

Robert G. Berger, Abrahamson, Reed & Tanasijevich, Hammond, for appellants.

Terrence P. Pehler, Indianapolis, for appellees.

CONOVER, Judge.

The City of Hammond appeals the granting of a preliminary injunction against enforcement of its latest ordinance dealing with the sale of fireworks.

We modify the trial court's order, and affirm it, as modified.

ISSUES

This appeal presents the following issues:

1) whether the plaintiffs, Morris Victor and N.I.D. Co., Inc., were properly joined as plaintiffs subsequent to the entry of judgments in these cases,

2) whether the burden of proof ever shifted to Hammond during the preliminary injunction hearing,

3) whether the trial court's findings of fact are supported by substantial evidence and are sufficient to support issuance of the preliminary injunction in this case,

4) whether an ordinance which contradicts, alters, amends, modifies and extends the state fireworks law is valid and enforceable,

5) whether the court could validly order the preliminary injunction to take immediate effect without an injunction bond having been filed, and

6) whether a $1,000 injunction bond was adequate under the circumstances.

FACTS

At all times pertinent to this case, Ind. Code 22–11–14–1 has read in part as follows:

"Sec. 1. The term "fireworks" means any combustible or explosive composition, or any substance or combination of substances, or articles prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include toy pistols, toy canes, or long toy guns in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedos, skyrockets, Roman candles, Daygobombs or other fireworks of like construction and any fireworks containing any explosive or flammable substance, or any tablets or other device containing any explosive substance: Provided, that *the term "fireworks" . . . shall not include* gold star producing sparklers on wires which contain in the manufacturing thereof no magnesium, chlorate or prechlorate sparklers in paper tubes, sparkling devices which do not contain magnesium and trick noise-makers containing less than twenty-five hundredths (.25) of a grain of explosive mixture, toy snakes which contain no mercury in the manufacturing thereof, toy smoke devices consisting of small paper or composition tubes or containers containing a small charge of slow burning·smoke producing powder, toy pistols, toy canes, toy guns, or other devices in which paper caps, manufactured in accordance with United States interstate commerce commission regulations regulating the packing and shipping of toy paper caps, are used, and toy pistol paper caps which are manufactured as provided herein, *the sale and use of which shall be permitted at all times."* (Emphasis supplied.)

Other provisions of the act regulate public fireworks displays, authorize wholesalers to sell those fireworks not prohibited by the act, or ship those that are directly out of state, grant the State Fire Marshall certain powers to enforce the act's provisions, and imposes criminal sanctions for violation of the act.[1]

In 1977, Hammond amended its municipal code by passing an ordinance banning the sale of all fireworks in the city, even though IC 22–11–14–1 permitted the sale and use "at all times" of certain of the items included in the ban. Plaintiffs N.I.D. Corporation and Larry Harrell filed a suit which resulted in a permanent injunction against enforcement of this ordinance.

In 1978, Hammond passed a second amending ordinance which authorized sale

---

1. Prior to 1978, violation of its provisions constituted a misdemeanor, or a felony for a third violation of section 2 (IC 22–11–14–2) provisions. A 1978 amendment made violation of section 2 a class A misdemeanor and section 5(c) (IC 22–11–14–5(c)) a class B misdemeanor.

of "pyrotechnic devices" under restricted conditions. Plaintiff Harrell filed a second, separate suit for injunction which resulted in the entry of an order, drafted and agreed to by the parties, which in essence rewrote the ordinance by striking from it language the court deemed objectionable, inserting into it language approved by the court, and declaring the ordinance as rewritten by the order "enforcible (sic) and reasonable and in full force and effect." [2]

Thereafter on May 11, 1981, Hammond passed ordinance no. 4675 dealing with the subject. It incorporated some language from prior ordinances, some of the trial court's language from its 1978 order, and some ordered stricken by that order. It reads in pertinent part as follows:

"SECTION 1. The term 'pyrotechnic device' within the meaning of this ordinance shall mean and include: Gold Star producing sparklers on wires, flitter sparklers in paper tubes, noise making devices containing any explosive mixture, toy snake devices, toy smoke devices consisting of small paper composition tubes or containers containing a small paper composition tubes of containers containing a small charge of slow burning smoke producing powder, any substance or combination of substances or articles prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, balloons which require fire underneath to propel the same or any tablets or other devices containing any explosive substance whatsoever.

SECTION 2. It shall be unlawful for any person, firm, partnership, co-partnership, corporation or association to offer for sale, expose for sale, or sell at retail any 'pyrotechnic device', as herein defined, without first having obtained from the City Controller a permit for the same.

SECTION 3. The sum of $200.00 shall be paid as a fee for the permit required under Section 2, and such permit shall authorize the offering for sale, exposure for sale or sale at retail of 'pyrotechnic devices', as herein defined, only at the location described in such permit. Further, such permit shall not be assigned, transferred, or transferable to any other person or to any other location.

SECTION 4. No fire or lighted devices or produce may be ignited or burned within a two hundred (200) foot radius of where pyrotechnic devices are offered for sale. Further, no pyrotechnic devices shall be sold, offered for sale or exposed for sale from any location that is not an enclosed, permanent non-movable building.

SECTION 5. The holder of a permit issued hereunder shall at all reasonable times permit the building inspector to inspect the premises to determine that reasonable safety precautions are observed. Nothing herein shall preclude any other officer, agent or employee or the city from performing his legal inspection duties.

SECTION 6. No permit shall be issued hereunder until and unless the proposed location and proposed permittee shall have been inspected and approved by the Hammond Building Commissioner, Hammond Fire Department, Hammond Electrical Inspector, and Hammond Police Department.

SECTION 7. All sales made from the permitted location shall be under the supervision of an adult who shall actually be present during open hours.

SECTION 8. If any part, paragraph, sentence, clause or provision of this ordinance shall be held invalid the remainder shall not be affected.

SECTION 9. Permit issued for this ordinance shall expire on the first (1st) day of January following its issue.

SECTION 10. This Ordinance shall be in full force and effect from and after its passage by the Common Council, signature of the President of the Common Council, approval by the Mayor and after publication as required by law."

2. We question whether a trial court may "rewrite" a municipal ordinance under any circumstances because of the separation of powers provisions of our state and federal constitutions. However, we are not called upon to decide that issue in this appeal.

On May 29, 1981, plaintiffs Morris Victor and N.I.D. Co., Inc., by the attorney for the original plaintiffs in the previous suits, petitioned the trial court to be joined as parties therein, and filed a motion for preliminary or permanent injunction and declaratory relief as to the latest ordinance, no. 4675. The court ordered these parties joined as additional plaintiffs on that date and set the matter for hearing seven days later.

At the hearing, the trial court granted a preliminary injunction against enforcement of the new ordinance and authorized the new plaintiffs to sell fireworks in Hammond as authorized by IC 22–14–14–1 et seq., upon payment of the license fee required therefor by the Hammond Municipal Code. Plaintiffs were required to post a $1,000 bond. Orally the trial court informed the parties the injunction was effective immediately, but the bond was not posted by the new plaintiffs until 12 days later.

## DISCUSSION AND DECISION

### Joiner of New Plaintiffs

Hammond argues the trial court's joinder of the new plaintiffs ex parte in these two cases was contrary to law since each case had gone to judgment several years prior to the joinder. Ind. Rules of Procedure, Trial Rule 24 governs intervention in such circumstances, and not T.R. 19(A), the authority upon which the new plaintiffs apparently relied, Hammond opines.

Hammond, however, does not point out any objection it made in the trial court to the joinder of these new plaintiffs by the trial court, and our search of the record reveals none.

On the contrary, at the June 5th hearing, Hammond's only concern was whether the new plaintiffs were "real parties in interest." Hammond's counsel, Mr. Sherman, said:

"... I think that it will be apropos if the Court was willing to receive some evidence to satisfy the requirement that Morris Victor and N.I.D. Company, Inc. are real parties in interest. I think that's the first requisite, your Honor."

After plaintiff Morris Victor had testified on direct and cross-examination, the following colloquy occurred:

"MR. SHERMAN: Thank you very much sir. Your Honor, we are satisfied that he's a real party in interest.

"THE COURT: Very well. Mr. Pehler, I believe the ball is back in your court on the substantive issue.

"MR. PEHLER: Yes, and if I may, your Honor, if I would move that the Court consider the testimony on the real party in interest as being also applied to the issues and the proof on the petition for the relief, so that we don't go back and repeat all that.

"THE COURT: Certainly. The defendant has no objection?

"MR. SHERMAN: No, your Honor.

"THE COURT: Very well."

Hammond may not now complain of this joinder. A party must abide by the procedure it has induced the court to follow, *Pokraka v. Lummus Co.,* (1952) 230 Ind. 523, 104 N.E.2d 669, and to which it has given its consent. *State ex rel. Randall v. Long,* (1957) 237 Ind. 389, 146 N.E.2d 243; *Waitt v. Waitt,* (1977) 172 Ind.App. 357, 360 N.E.2d 268, 2 Ind. Law Encyclopedia, Appeals, § 496.

### Burden of Proof Shift

Hammond further argues the trial court clearly erred when it ruled Hammond had the burden of proving changed circumstances from those upon which the 1978 decree was based. Again, however, it did not object to the court's ruling at trial, and called witnesses to testify in its behalf. Thus, this issue also, is waived on appeal, *Pokraka, supra; State ex rel. Randall, supra;* and *Waitt, supra.*

### Injunction Bond

Hammond then argues because no bond was posted at the time, the trial court should not have ordered the preliminary injunction to become effective immediately at the close of the hearing. Also, it says a $1,000 bond under the circumstances is grossly inadequate. At the hearing, and

after, Hammond again made no objection on the record either to the amount of the bond, nor the trial court's order that the preliminary injunction was effective immediately. Not having objected, those issues are also waived on appeal, *Pokraka, supra; State ex rel. Randall, supra;* and *Waitt, supra.*

### Constitutionality

Hammond argues the facts are insufficient to support the trial court's findings of fact, and enforcement of the ordinance is constitutionally permissible. Because those subjects are substantially related, we here consolidate them for discussion.

The trial court cites as authority for its action *City of Indianapolis v. Sablica,* (1976) 264 Ind. 271, 342 N.E.2d 853. The trial court is correct in citing *Sablica.* It is controlling in this case.

■ The Legislature pre-empted the entire field of regulation and sale of fireworks by enacting IC 22–11–14–1 et seq. That act does not grant to municipal corporations authority to legislate further in that field. Ordinance no. 4675 and its ancestors were and are invalid and unenforceable because of this pre-emption. Each one violated Article IV, Sections 22 and 23 of the Indiana Constitution. Speaking for a unanimous court, Justice Hunter in *Sablica* said:

> "Article IV, sections 22 and 23, of the Indiana Constitution prohibits the General Assembly from enacting local laws for the punishment of crimes and misdemeanors and mandates that laws defining crimes and misdemeanors shall be general and of uniform operation throughout the state. Under these provisions of the constitution, when the legislature has enacted a general law defining a crime or a misdemeanor, *such action necessarily implies that there is no room for supplementary or complementary local legislation, even if the subject were otherwise one properly characterized as a 'municipal affair,'* . . . ."

*Sablica,* 342 N.E.2d at 854.

Justice Hunter, in that opinion specifically emphasized the Court's decision that passage of an act by the Legislature totally pre-empts the field and prohibits further legislative action by municipal corporations by mentioning its earlier decision in *Medias v. City of Indianapolis,* (1939) 216 Ind. 155, 23 N.E.2d 590. In *Medias,* our Supreme Court declared valid and enforceable an Indianapolis ordinance requiring state licensed pawn brokers to obtain a city license in addition to one required by the state and to comply with additional restrictions upon such business imposed by the city over and above those contained in the state statute on the subject. Discussing that case, Justice Hunter said:

> "In *Medias v. City of Indianapolis,* it is stated:
>
> > 'If a city ordinance undertakes to impose regulations which are in conflict with rights granted or reserved by the Legislature, such ordinance must be held invalid.'
>
> A review of *Medias* reveals that a conflict would be found where an ordinance sought to prohibit that which a statute expressly permitted, but no conflict would be found where an ordinance sought to supplement the burdens imposed by the statute, provided the additional burdens were logically consistent with the statutory purpose . . . ." (Emphasis omitted.)

*Sablica,* 342 N.E.2d at 854. To emphasize the new rule of total pre-emption in *Sablica,* Justice Hunter added the following comments with regard to *Medias* :

> "Under Article IV, sections 22 and 23, *an impermissible conflict* between a city ordinance and a criminal law of the state *will exist whenever the ordinance contradicts, duplicates, alters, amends, modifies or extends the subject matter of the statute,* and to the extent that *Medias v. City of Indianapolis* sanctions penal ordinances which do not directly contradict a criminal statute, *it is hereby overruled."*

*Sablica,* 342 N.E.2d at 854–855.

The definition of "pyrotechnic device" in section 1 of this ordinance includes items defined as fireworks by the state statute.

The balance of the ordinance, however, is not in direct conflict with the statute, as was the case in *Setser v. City of Ft. Wayne*, (1976) Ind.App., 346 N.E.2d 642, and *Board of Public Safety v. State ex rel. Benkovich*, (1979) Ind.App., 388 N.E.2d 582. This ordinance contradicts, duplicates, alters, amends, modifies and extends the act in the following particulars:

a) it contradicts the statute because it permits sale of some items defined as "fireworks" by the statute,[3]

b) it duplicates the statute because it authorizes sale of items about which the statute says "the sale and use of which shall be permitted at all times,"

c) it alters the statute by requiring retail sellers to pay a $200 license fee to obtain a city permit to sell such devices,

d) it attempts to amend and modify the statute by requiring sales to be made:

1. only from enclosed, permanent, non-movable buildings, and

2. only when an adult is physically present,

e) it attempts to extend the act by requiring inspections of sales sites by the city building commissioner, and inspection and site approval by various city departments prior to issuance of a sales permit.

■■ A municipal corporation may validly legislate in an area pre-empted by the legislature only when specific authority to do so is granted by the statute enacted, as is the case where a local building code does not conflict with administrative building council rules and is approved by that council, cf. IC 22–11–1–19, *Town of St. John v. Home Builders Ass'n.*, (1981) Ind.App., 428 N.E.2d 1299, 1305; *Suburban Homes Corp. v. City of Hobart*, (1980) Ind.App., 411 N.E.2d 169, 172, and where state statute authorizes local speed limits to be set by local ordinance within the borders of the municipality involved, cf. IC 9–4–1–27 & 28, and IC 9–4–1–58. It is true courts of equity may not restrain the exercise of a common council's discretionary legislative power, *State ex rel. Town of Cedar Lake v. Lake Superior Court*, (1982) Ind. 431 N.E.2d 81. Here, however, Hammond has no such discretion. The penal statute regulating fireworks contains no provision granting municipalities discretion to legislate further on that subject matter. The court's findings of fact adequately support its conclusions of law on this point. This ordinance and all its parts and sections are invalid and unenforceable.

*License Fee*

■ We note the trial court's order provides that Hammond shall immediately issue a license permitting the new plaintiff to sell "legal fireworks" consistent with the state fireworks statute upon their paying a license fee to Hammond. This opinion holds, consistent with *Sablica*, the Legislature's pre-emption in this area was total. Therefore, Hammond may not collect a license fee, is not authorized to issue a license, and may not in any other manner attempt to regulate the sale of "legal" fireworks within its borders. To that extent the trial court's preliminary injunction order is ordered modified.

The trial court's preliminary injunction order is affirmed, as modified, and the cause ordered remanded for further proceedings consistent with this opinion.

MILLER, P. J., and YOUNG, J., concur.

**3.** The statutory definition of "fireworks" includes "any substance or combinations of substances, or articles prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation ... the type of balloons which require fire underneath to propel the same ... or any tablets or other device containing any explosive substance," cf. IC 22–11–14–1.

The ordinance definition of "pyrotechnic device" includes "any substance or combination of substances or articles prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, balloons which require fire underneath to propel the same or any tablets or other devices containing any explosive substance whatsoever." Such "pyrotechnic devices" may be sold at retail under the ordinance, even though they are contraband by statutory definition.