**BOARD OF PUBLIC SAFETY, Fire Civil Service Commission and City of East Chicago, Indiana, Appellant (Defendant Below),**

v.

**STATE of Indiana on the Relation of Desi BENKOVICH, Peter Bianchi, James Busanic, James Dvorscak, John Hatagan, Robert Jarecki, Frank Kish, Freddrick Kolodziej, Richard Marcieniec, Jerome Markovich, George Kotarsky, Edward Krygier, Henry Michalak, Ray Michalski, Theodore Michalski, Eugene Mikolajczyk, John Milch, Andres Mish, Kenneth Mulholland, Richard Kellemen, James O'Donnell, Joseph Pedraza, Alex Pisowicz, Ray Ross, George Shulock, Joseph Shimko, Richard Slamkowski, John Sukta, George Turoci, Michael Wagner, Howard Wilmot, Eli Zak, and East Chicago Firefighters Association, Local No. 365, AFL–CIO, Appellees (Plaintiffs Below).**

No. 3–778A173.

Court of Appeals of Indiana, Third District.

April 25, 1979.

Rehearing Denied June 7, 1979.

*of Evansville et al.* (1963), 244 Ind. 1, 189 N.E.2d 823.

Michael E. Connelly, Steven T. Bielak, East Chicago, for appellant.

Hilbert L. Bradley, Gary, for appellees.

STATON, Judge.

Members of the fire force of the City of East Chicago sought a declaratory judgment invalidating an ordinance which contained a residency requirement and enjoining enforcement thereof. The trial court declared the ordinance to be unconstitutional in that it was superseded and preempted by state law. The City was enjoined from enforcing the ordinance. The City appeals, claiming the local residence requirement

was a valid exercise of the municipal government.

We affirm the trial court's judgment.

In its brief, the City has addressed two issues. In its development of the first issue, the City has attempted to prove that a residency requirement such as that contained in the ordinance is not unconstitutional on its face. We need not treat this larger issue, since the trial court's finding that the ordinance was unconstitutional was based on the ordinance's conflict with the laws of the State of Indiana.

The only issue we must decide, then, is whether the ordinance was superseded and preempted by state law.

The ordinance in question, which was enacted in 1950, states as follows:

"1–2123 [14–36]—Residence Requirements—Members of the fire force shall reside within the city, unless otherwise expressly permitted by law. If law permits a member of the fire force to reside outside the city, he shall hold no rank higher than that of a fireman first-class while he remains a non-resident."

The City relied upon the ordinance when it refused to hire or promote non-resident firemen. At the same time, the City would not fire or demote firemen who moved out of East Chicago.

The trial court found that the ordinance was unconstitutional on its face and as applied due to the enactment of two different state statutes. IC 1971, 19–1–2–1, Ind.Ann. Stat. § 46–6106 (Burns Code Ed.) contains a specific residence requirement for municipal firemen:

"Members of the police and fire departments of cities of the second, third, fourth and fifth classes shall reside within the county in which said city is located and said residence shall be within fifteen [15] miles of the corporate limits of such city: Provided however, That any member of such police or fire department who shall live outside the corporate limits of such city and within fifteen [15] miles thereof, shall have adequate means of transportation into such city and main-

tain in his residence telephone service with such city: Provided further, however, That in cities of the fifth class, the city council may require policemen and firemen to reside within the corporate limits of such city until any such member has served for five [5] years. Members of the police and fire departments of a city of the first class must reside within the boundaries of the county in which the city is located. However, the provisions of this section do not apply to those members of the police and fire force of a city of the first class residing on January 1, 1975 outside the boundaries of a county containing that city of the first class."

And IC 1971, 19–1–37.5–10, Ind.Ann.Stat. § 48–6249k (Burns Code Ed.), lists the criteria the City is required to follow in promoting firemen. Residency within the city is not among them.

On appeal, the City admits that, if the ordinance is in conflict with the laws of the State, it cannot be given effect. However, the City claims that it has been empowered to supplement the general state law with additional requirements relating to the employment of firemen. The City cites the portion of the Powers of Cities Act, IC 1971, 18–1–1.5–16, Ind.Ann.Stat. § 48–1466 (Burns Code Ed.), which states:

"In addition to all powers specifically enumerated in sections 2 through 15 [18–1–1.5–2—18–1–1.5–15] of this chapter, and any other power granted to a city or any agency thereof under any other law of this state, every city may, within its territorial jurisdiction, except as otherwise provided in this chapter [18–1–1.5–1 —18–1–1.5–30], exercise any power or perform any function necessary in the public interest in the conduct of its municipal or internal affairs, which is not prohibited by the Constitution of this state or the Constitution of the United States, and which is not by express provision denied by law or by express provision vested by any other law in a county, township or the state, special taxing district or separate municipal or school corporation. . . ."

The powers are to be construed liberally in favor of the cities. IC 1971, 18–1–1.5–23. The City claims that the residence of its firemen is a matter of municipal or internal concern. Further, it cites several ways in which a city's public interest might benefit by having all of its firemen living within the employing city's limits.

The Indiana courts have held that, if the state does not choose to occupy an area to the exclusion of municipal regulation, then a city may impose additional, reasonable regulations. *Medias v. City of Indianapolis* (1939), 216 Ind. 155, 23 N.E.2d 590.[1] However, a city may not impose regulations which are in conflict with rights granted or reserved by the General Assembly. *Medias, supra.* Such a conflict exists when an ordinance seeks to prohibit that which a statute expressly permits, although a city may supplement burdens imposed by state law, provided the additional burdens are logically consistent with the statutory purpose. *City of Indianapolis v. Sablica* (1976), 264 Ind. 271, 342 N.E.2d 853.

When we consider a residence requirement for municipal firemen, we are not dealing with a matter which is simply one of municipal concern. The General Assembly has chosen to enact a body of law covering every facet of the employment of municipal firemen. When the General Assembly enacted the residence requirement for municipal firemen, as contained in IC 1971, 19–1–2–1, it did not expressly deny municipalities the power to act in the area. However, IC 1971, 18–1–1.5–16 does not require such an express denial. The power to regulate the residence of municipal firemen vested in the State when it enacted a statute setting forth specific residence requirements.

A reading of IC 1971, 19–1–2–1, indicates that the State requires firemen of East Chicago to reside within the county in which the City is located, within fifteen miles of the City's corporate limits. A fireman who chooses to live outside the corpo-

rate limits is required only to have adequate means of transportation and to maintain in his residence telephone service with the City. The statute enables only city councils of fifth-class cities to require a fireman to reside within the City's corporate limits during an initial five years of service.

Clearly, the statute cannot be read to permit the City of East Chicago to apply a more stringent residence requirement when hiring firemen. The statute expressly permits firemen employed by East Chicago to live within fifteen miles of the City. A stricter, local requirement is not logically consistent with the statute's purpose, in light of the statute's provision granting only fifth-class city councils a limited power to regulate the residence of their firemen.

The State's choice to regulate in detail the residence of municipal firemen removes the area from regulation by the City of East Chicago. When read in conjunction with the State statute, the residence ordinance passed by the City interferes with the General Assembly's plan for statewide uniformity in the residence requirements for firemen in second, third and fourth-class cities. Under such an analysis, the ordinance cannot be given effect.

Finally, the City suggests that we construe the statute and ordinance together. The City argues that both the statute and the ordinance may be complied with harmoniously. Particularly, the City cites the fact that, while it does not hire or promote non-resident firemen, it does not fire or demote a fireman who moves out of the City.

Even if we were to construe the residence ordinance as simply an additional, reasonable burden to be placed on a fireman once he is employed by the City of East Chicago, we would still be compelled to strike down the ordinance. The ordinance is in clear conflict with IC 1971, 19–1–37.5–10, in which the State sets forth the criteria for promoting municipal firemen. The State's

---

1. *Medias* was overruled in part in *City of Indianapolis v. Sablica* (1976), 264 Ind. 271, 342 N.E.2d 853. However, the principle upon which we rely is unchanged.

enactment completely occupies the area to the exclusion of municipal regulation. Under the statute, the City of East Chicago may not premise a promotion on the residence of a fireman. The City's refusal to promote a fireman who moves out of East Chicago constitutes a denial of equal protection, in view of the statute's specific grant to each fireman of the right to be promoted in accordance with the statutory civil service system.

The trial court acted properly in invalidating Ordinance No. 1–2123(14–36) of the City of East Chicago and in enjoining its enforcement.

The judgment of the trial court is affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.