**Larry WEEKS, Appellant (Defendant Below),**

v.

**Richard W. KERR, Appellee (Plaintiff Below).**

**No. 4–883A285.**

Court of Appeals of Indiana, Fourth District.

Dec. 12, 1985.
Rehearing Denied Jan. 14, 1986.

James S. Kowalik, Hopper & Opperman, Indianapolis, for appellant.

Richard A. Clem, Alden & Clem, Indianapolis, for appellee.

YOUNG, Presiding Judge.

Larry Weeks appeals an adverse judgment in favor of Richard Kerr, in the latter's suit for commissions due under an employment contract. We reverse.

Weeks and Bruce Richardson each held a half-interest in Baker-Roberts Construction Co., Inc. In March 1979, they purchased a business called Joe's Mobile Homes, the assets of which were to be held by the corporation.

Richardson handled the daily operation and management of Joe's Mobile Homes, controlling the company's books and records. Kerr, retained as sales manager of the on-going business, was compensated on a commission basis. Richardson agreed with Kerr regarding the sales manager's compensation and expenses, increasing Kerr's commission from 25% to 30% at one point.

Weeks, president of Baker-Roberts, did not participate directly in the management of Joe's Mobile Homes. He testified that the management of the business was Richardson's job, and he considered himself merely an investor. As such, he realized only losses from the venture.

With the business sustaining losses, Richardson disappeared, taking with him the corporate records. Kerr initiated this suit against Richardson, Weeks, and the corporation, and obtained a judgment against Weeks individually for $14,835.54 in unpaid commissions plus costs.

Weeks presents three issues on appeal, one of which proves dispositive: Did the trial court err in imposing personal liability for a corporate obligation?

In determining whether the trial court's judgment is contrary to law, we consider the evidence in the light most favorable to the appellee and will reverse only if the evidence leads to but one conclusion, and the trial court has reached the opposite result. *Woodward Ins., Inc. v.*

*White* (1982), Ind., 437 N.E.2d 59. Under the facts of the present case, we conclude that the debt to Kerr pursuant to his employment contract with Baker-Roberts represents an obligation of the corporation for which Weeks may not be held personally liable.

 Generally, directors and officers of a corporation are not individually liable for the debts and contracts of the corporation. *See Martin v. Platt* (1979), 179 Ind. App. 688, 386 N.E.2d 1026; 19 Am.Jur.2d *Corporations* § 1341. As no constitutional, statutory, or charter provision imposes personal liability in this case, two major exceptions to the general rule are relevant here. The first requires a showing that the officer has personally guaranteed the corporation's obligation so as to assume liability as a guarantor. H. Henn & J. Alexander, *Laws of Corporations* § 230 (3rd ed. 1983). Alternatively, if the officer has demonstrated disregard of the corporate form, treating the corporation essentially as a conduit for personal business affairs, the court may likewise disregard the corporate entity to avoid injustice. 1 W. Fletcher, *Cyclopedia on Corporations* § 41.10 (1983). The plaintiff in this case, however, has made neither requisite showing to justify imposition of personal liability as to Weeks.

This court has considered a situation closely analogous to the present case in *Highfield v. Lang* (1979), 182 Ind.App. 77, 394 N.E.2d 204, involving a employee's suit against corporate officers to recover on dishonored commission checks signed by the officers. Affirming the trial court's conclusion of nonliability on the part of the defendant corporate vice-president, Judge Garrard relied heavily upon the plaintiff's knowledge that he was employed and was to be paid by the corporation, and that the corporate officers intended to assume no personal obligation. Similarly in this case, Kerr knew himself to be an employee of Baker-Roberts, which had previously disbursed his commissions. There is no evidence, moreover, that Weeks, marginally involved in the operation of Joe's Mobile Homes, ever discussed with Kerr the terms of his employment or otherwise purported to contract with Kerr in an individual capacity. Although *Highfield* addressed the question of personal obligation on a negotiable instrument, the same considerations preclude a judgment based on personal contractual liability here. *See also Rossi v. Kelly* (1983), 96 A.D.2d 451, 465 N.Y.S.2d 1.

In urging that we affirm the trial court's decision to pierce the corporate veil, the appellee relies primarily upon the theory that appellant has acted in disregard of the corporate entity. He emphasizes in this regard a particular incident in which Weeks collected final payment for a mobile home and instructed the purchaser to make her check payable to himself and Richardson. The evidence is uncontroverted, however, that Weeks then turned the check over to Richardson for deposit in the corporate account. These facts are insufficient as a matter of law to establish such disregard of the corporate form as would entitle Kerr to a personal judgment against Weeks.

 Appellee also contends that because Weeks entered only a general denial by way of answer to his complaint, he could not then raise the issue of corporate as opposed to personal liability. This issue, Kerr maintains, represents an affirmative defense which Weeks was bound to plead specifically under Trial Rule 8(C). Kerr has not, by way of cross-appeal, preserved the issue of the trial court's admission of Week's evidence on this point, and therefore the evidence actually adduced at trial must control the legal issues before the court. *James v. Brink & Erb, Inc.* (1983), Ind.App., 452 N.E.2d 414.

 In any case, the trial court correctly ruled that Weeks was entitled to submit evidence of the corporation's liability and his relationship to the corporation because the complaint framed the issues of the liability or nonliability of these parties. We agree that the defendant injected no new issue of which the plaintiff was inadequately apprised. *See Apple v. Kile* (1983), Ind. App., 457 N.E.2d 254. The evidence re-

garding corporate liability and the defendant's nonliability concerned issues integral to this litigation and, as we have concluded above, mandated a result contrary to that reached by the trial court.

We note finally that we express no opinion regarding the liability of the corporation or the personal liability of Richardson for the commissions to which the trial court found Kerr entitled, as this appeal presents only the issue of Week's liability for this obligation.

The judgment of the trial court is reversed.

MILLER and CONOVER, JJ., concur.