**CITY OF INDIANAPOLIS, Appellant (Defendant Below),**

v.

**Eugene FIELDS, Appellee (Plaintiff Below).**

No. 49A04–8609–CV–280.

Court of Appeals of Indiana, Fourth District.

April 30, 1987.

Frances Watson Hardy, City-County Legal Div., Indianapolis, for appellant.

John C. Ruckelshaus, John F. Kautzman, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellee.

**CONOVER, Judge.**

Appellant-Defendant City of Indianapolis (City) appeals the trial court's $4,813.92 judgment in favor of Appellee-Plaintiff Eugene Fields (Fields), an Indianapolis police officer, for medical expenses he incurred privately without the City's express authorization.

We reverse and remand.

## ISSUES

The sole issue presented by this appeal is whether IND.CODE § 36–8–4–5 requires the City to pay Fields's unauthorized medical expenses since he incurred them without complying with the requirements of General Order 5.09 of the City's police department.

## FACTS [1]

Fields is an Indianapolis police officer. He was injured in an automobile accident while in the line of duty and required medical attention. He was treated at Wishard Memorial Hospital in Indianapolis under its agreement with the City for treatment of officers injured in the line of duty. Subsequently, Fields sought and received medical treatment for his injuries from private physicians and hospitals without written authorization from his chief of police, as required by his department's General Order 5.09.

That order provided he should be treated at Wishard "unless otherwise authorized," except in case of "extreme emergency" where, in a superior's judgment, a closer hospital should be used for initial emergency treatment. The General Order further stated: "Officers failing to comply with this order shall be responsible for any [unauthorized] medical expense incurred." (R.

---

1. This cause was submitted upon stipulated facts.

40). However, IND.CODE § 36–8–4–5 provides the City "shall pay for the care of a police officer ... who suffers an injury while performing his duty ..." from the City's general fund.

The City refused to pay Fields's bills for the unauthorized medical services he received. He sued the City and recovered judgment.

The City appeals.

DISCUSSION AND DECISION

 On appeal we examine the evidence in a light most favorable to the trial court's decision. We reverse only when it is shown to be clearly erroneous. *Weeks v. Kerr* (1985), Ind.App., 486 N.E.2d 10, 11–12; *McClamroch v. McClamroch* (1985), Ind.App., 476 N.E.2d 514, 521; *Citizens State Bank v. Peoples Bank* (1985), Ind. App., 475 N.E.2d 324, 326–327. We reverse a judgment as clearly erroneous only when there is a definite and firm conviction the trial court erred, and only when the evidence leads to but one conclusion, and it is contrary to that reached by the trial court. *Indiana-Kentucky Electric Corp. v. Green* (1985), Ind.App., 476 N.E.2d 141, 143. We will affirm the trial court's judgment, even if entered for the wrong reasons, if it can be sustained on any theory consistent with the evidence. *Garlinger v. Garlinger* (1986), Ind.App., 501 N.E.2d 1138, 1139.

As the trial court correctly noted in its entry concerning its ruling on motion to correct errors:

1. The statute of issue here, I.C. 36–8–4–5, was enacted by Acts 1981, P.L. 309, Sec. 53. The same enactment, Acts 1981, P.L. 309, Sec. 115(b), repealed the predecessor statutes to I.C. 36–8–4–5, which were I.C. 19–1–13–1 and 19–1–13–2.

I.C. 19–1–13–1 provided in part

Any city which maintains a paid ... police department shall pay for the care for any ... policeman who suffers an injury while performing his duty ...; to provide for any such policeman medical and surgical care, medicines, laboratory, curative and palliative agents and means, and X-ray, diagnostic and therapeutic service, during the recovery of any such policeman from any injury ...; and shall also provide hospital and special nursing care for any such ... policeman if the physician or surgeon in charge deems such hospital care and a special nurse necessary, and for the best interest in aid of the recovery of any such ... policeman.

and I.C. 19–1–13–2 provided in part

Any such city shall pay the expense necessary for the proper medical care by a physician ...; such expenditures to be paid from the general fund of any such city.

I.C. 36–8–4–5 provides

Sec. 5. (a) a city shall pay for the care of a police officer ... who suffers an injury while performing his duty.... This care includes:

(1) medical and surgical care;

(2) medicines and laboratory, curative, and palliative agents and means;

(3) x-ray, diagnostic, and therapeutic service, including the recovery period; and

(4) hospital and special nursing care if the physician or surgeon in charge considers it necessary for proper recovery.

(b) expenditures required by subsection (a) shall be paid from the general fund of the city.

While the trial court and Fields placed great importance upon the Legislature's omission of the "to provide" and "shall also provide" language of I.C. 19–1–13–1 from I.C. 36–8–4–5, it is readily apparent the clauses following such language merely spell out for what items of medical care the City is to pay. Each of the items mentioned in the clauses beginning with "to provide" and "shall also provide" in I.C. 19–1–13–1 was repeated verbatim in I.C. 36–8–4–5. Elimination of that superfluous language was merely a case of Legislative "housekeeping" to make the former sections more readable. Legislative intent did not change merely because it recodified I.C. 19–1–13–1 and 2 as I.C. 36–8–4–5. The prime question in this appeal is whether the State has fully preempted this subject mat-

ter by passage of the acts above-mentioned, or whether the City is empowered to enact regulations such as General Order 5.09 as supplemental to the statute above-mentioned.

■ It is hornbook law municipal ordinances and regulations are inferior in status and subordinate to the laws and statutes of the state. When a state statute totally preempts the field, a city may not further legislate therein. If a city attempts to impose regulations in conflict with rights granted or reserved by the Legislature, such ordinances or regulations are invalid. *City of Indianapolis v. Sablica* (1976), 264 Ind. 271, 342 N.E.2d 853, 854; *City of Hammond, Lake County v. NID Corp.* (1982), Ind.App., 435 N.E.2d 42, 47. However, if the State does not choose to occupy the area to the exclusion of municipal regulation, a city may impose additional, reasonable regulations which supplement the statute. *Medias v. City of Indianapolis* [2] (1939), 216 Ind. 155, 23 N.E.2d 590, 594; *Spitler v. Town of Munster* (1938), 214 Ind. 75, 14 N.E.2d 579; *Board of Public Safety v. State ex rel. Benkovich* (1979), 180 Ind.App. 294, 388 N.E.2d 582, 585. However, even in cases of partial preemption, city ordinances or regulations undertaking to impose regulations which conflict with rights granted or reserved by the Legislature are invalid, *Sablica*, 342 N.E.2d at 854; *Medias*, 23 N.E.2d at 594; *Local Union No. 26, Nat. Brotherhood of Operative Potters v. City of Kokomo* (1937), 211 Ind. 72, 5 N.E.2d 624, 627, 108 A.L.R. 1111; *Board of Public Safety*, 388 N.E.2d at 585, at least as to those parts of a supplemental ordinance or regulation which conflict with the statute. Those parts are invalid and cannot be enforced. *Local Union No. 26*, 5 N.E.2d at 629.[3]

■ A City is primarily liable for lost wages and medical expenses of a police officer injured in the line of duty. *City of*

*Evansville v. Byers* (1964), 136 Ind.App. 448, 202 N.E.2d 399, 401. Thus, the initial question here is whether the statute has totally preempted the area of liability for medical expenses of a police officer injured in line of duty to the exclusion of municipal regulation. If not, the question then is whether General Order 5.09 is an additional, reasonable regulation which properly supplements the statute in question.

■ We believe a fair reading of I.C. 36-8-4-5 and its predecessors reveals the Legislature did not intend to preempt the field so as to preclude supplemental ordinances and regulations on that subject, *cf. Spitler*, 14 N.E.2d at 580. The statute here in issue merely provides cities in such cases shall pay for the enumerated medical services from its general fund. No qualifying language appears. Thus, the field was only partially preempted. Indianapolis was authorized to supplement the statute. However, any such supplemental ordinances and regulations, or parts thereof cannot conflict "with rights granted or reserved by the Legislature." If they do, the conflicting parts are invalid and unenforceable. *Sablica, Medias, Local Union*, and *Board of Public Safety, supra.*

■ While a literal reading of the statute suggests the City must pay the officer's medical expenses however incurred and regardless of amount, we believe the current statute in light of its predecessors necessarily implies the need for and cost of such services must have been reasonable. If those elements are present, however, the statute mandates the City to pay such expenses from its general fund without exception or qualification. Thus, the provisions of General Order No. 5 requiring written authorization from the chief of police before outside medical assistance may be sought, and the provision "[o]fficers failing to comply with this order

---

**2.** As Staton, J. notes in *Board of Public Safety v. State ex rel. Benkovich, Medias* was overruled in *City of Indianapolis v. Sablica*, but "the principle upon which we rely is unchanged."

**3.** While the *Local Union* court said the Legislature had spoken "in no uncertain terms upon the question of labor disputes," *Id.* at 627, it held only the part of Kokomo's ordinance which prevented even peaceful picketing was invalid, *Id.* at 629. Thus, *Local Union* is a partial preemption case.

shall be responsible for any [unauthorized] medical expense incurred" are invalid and unenforceable. If the additional medical services Fields obtained on his own were reasonably necessary to his recovery and the cost thereof was reasonable, the city is required to pay the costs he incurred whether or not he got prior written authority from the chief of police.

The trial court did not determine whether those services were reasonably necessary and whether the costs he incurred as a result were reasonable because the parties offered no evidence on that subject matter as part of their stipulated facts. Because such questions must necessarily be answered prior to judgment, and were not, we must reverse and remand for a new trial.

Reversed and remanded for a new trial consistent with this opinion.

MILLER and NEAL, JJ., concur.