**John Edward MORAN, Appellant (Respondent Below),**

v.

**STATE of Indiana, Appellee (Petitioner Below).**

No. 71A04–9208–JV–269.

Court of Appeals of Indiana, Fourth District.

April 6, 1993.

Kenneth M. Hays, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

John E. Moran, then 17, was found to be a Delinquent Child for violating Ind.Code 31-6-4-1(a)(1), committing an act which would constitute the offense of Battery, a class C felony, if committed by an adult. Custody of Moran was awarded to the Indiana Department of Correction for an indeterminate amount of time. Moran presents two issues for review, however we address the dispositive issue of whether the trial court applied the correct standard of proof in finding Moran to be a delinquent child.

We find that it did not and reverse.

### FACTS

On the afternoon of January 20, 1992, John Andreson hit the window of Moran's house while delivering papers. The window did not break, but Andreson ran be-cause he heard rumors that the house was a "rough house." A group of 5–8 black males between the ages of fourteen (14) and eighteen (18) bolted out of the house and ran after Andreson. Andreson stopped and tried to explain that he hit the window by accident. The youths surrounded Andreson and began hitting him.

Andreson fell to the ground. He saw a baseball bat poised in the air ready to hit him, so he buried his head in his arms to protect himself. Andreson believed that he had been hit ten (10) to twenty (20) times, but he did not know whether he was struck by a bat. Andreson stated he would not be able to recognize his attackers if he were to see them again.

Joseph Menting was driving home from work and witnessed the attack. Menting noticed that one of the youths chasing Andreson was carrying a baseball bat. He described the youth with the bat as having a distinctive haircut—the hair on top was cut very short on one side, but kept high on the other side. When Menting shouted to the group that he had called the police, the group dispersed.

Arzenia Corley, also driving home that afternoon, saw approximately ten (10) black males beating Andreson. She saw one of the attackers strike Andreson with an aluminum baseball bat. She described the individual with the bat as having an unusual haircut—higher on one side and lower on the other—and wearing a "Raiders" jacket. In court, Corley identified Moran as the person who hit Andreson with the bat.

Officer Ruszkowski testified that when he arrived to investigate, he found 12–20 youths in the home along with Moran who was wearing a "Raiders" jacket. Testimony from other individuals at the scene of the beating, namely Moran, his brother, and his friends testified that: 1) Moran was not a member of the mob beating Andreson; 2) Moran was either in the house or on the front porch of the house when the beating took place; and 3) Moran's cousin, Richard Thomas, was the individual holding the bat.

Moran and three other juveniles were tried in a consolidated hearing. After hearing the evidence, the trial court granted the State's motion to dismiss the charges against the other three juveniles.

## DECISION

Moran claims that he was denied due process by the trial court's failure to apply the correct standard of proof in adjudicating him to be a delinquent child. The trial court's explanation for finding Moran to be a delinquent and judgment of delinquency was as follows:

Now, then, possibly if this were a criminal court where the Court was finding the juvenile guilty of a crime, that might have some difference in the decision. However, under the present circumstances, what this Court is doing is finding the juvenile guilty of being a juvenile delinquent. And the evidence that this Court had heard on this petition finds, and the Court finds that those allegations contained in the petition to be true and the juvenile is found to be delinquent . . .

R. 180.

A juvenile court's finding that a child committed a delinquent act must be based upon proof beyond a reasonable doubt. I.C. 31-6-7-13(a); *In re Winship* (1970), 397 U.S. 358, 368, 90 S.Ct. 1068, 1074, 25 L.Ed.2d 368. "The reasonable doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error." *Winship, supra,* at 363, 90 S.Ct. at 1072. "It is true, of course, that the juvenile may be engaging in a general course of conduct inimical to his welfare that calls for judicial intervention. But that intervention cannot take the form of subjecting the child to the stigma of a finding that he violated a criminal law and to the possibility of institutional confinement on proof insufficient to convict him were he an adult." *Id.* at 367, 90 S.Ct. at 1074.

Clearly, the trial court thought there was a distinction between the standards of proof applicable in criminal trials and juvenile delinquency proceedings. Since both require proof beyond a reasonable doubt, and the trial court admitted it might have found Moran not guilty were this a criminal trial, this leads to only one possible conclusion—that the trial court did not apply the reasonable doubt standard in finding Moran to be a delinquent child.

We reverse.

SULLIVAN, J., concurs.

CONOVER, J., dissents with separate opinion.

CONOVER, Judge, dissenting.

I respectfully dissent.

The majority correctly notes IND.CODE 31-6-7-13 and *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, require a juvenile court's finding of delinquency be based upon proof beyond a reasonable doubt. However, the majority errs in holding the finding in this case was not based on such proof. When rendering its finding, the trial court reasoned:

In this particular case, we have got one witness who tells us that she was driving her car and she saw a boy running across the street and she stopped. Then she backed up and *she observed what took place. She identified this young man and that identification stands without a contradiction in the mind of the Court.* (Emphasis supplied).

(R. 179-180).

This language of the trial court immediately preceded the language quoted by the majority and clearly indicates the trial court's finding was based upon uncontradicted evidence. A finding of delinquency based on uncontradicted evidence identifying the accused as the person who committed the very act of which he is charged is a finding based upon proof beyond a reasonable doubt. This is true even though the trial court follows its finding with ill-advised and incorrect observations.

We will affirm the trial court's judgment, even if entered for the wrong reasons, if judgment can be sustained on any theory

consistent with the evidence presented. *Day v. State* (1990), Ind., 560 N.E.2d 641, 643; *City of Indianapolis v. Fields* (1987), Ind.App., 506 N.E.2d 1128, *reh. denied; First Bank of Madison v. Bank of Versailles* (1983), Ind.App., 451 N.E.2d 79. Without question, the record here reveals the trial court's judgment of delinquency is supported by substantial evidence having probative value.

I would affirm the trial court.