John Edward MORAN, Appellant (Respondent Below),

v.

STATE of Indiana, Appellee (Petitioner Below).

No. 71S04–9310–JV–1141.

Supreme Court of Indiana.

Oct. 21, 1993.

Kenneth M. Hays, South Bend, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

John Edward Moran was found to be a delinquent child for violating Ind.Code § 31–6–4–1(a)(1), committing an act which would constitute an offense if committed by an adult. This finding stemmed from the juvenile's role in a group beating of John Andreson, a paperboy in the juvenile's neighborhood. The Court of Appeals reversed, holding that the trial court failed to apply the reasonable doubt standard in finding the juvenile to be a delinquent child. *Moran v. State* (1993), Ind., 611 N.E.2d 673. We grant transfer. This appeal presents two issues: (1) whether sufficient evidence was presented to support the finding of delinquency and (2) whether the trial judge applied the proper standard of proof.

### Sufficiency of Evidence

The juvenile contends that there is insufficient evidence to support the finding of delinquency because the testimony from numerous witnesses demonstrates the unreliability of the State's crucial identification testimony.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd ·v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* (1980), 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence supporting a finding of delinquency shows that on the afternoon of January 20, 1992, Andreson was delivering papers in the juvenile's neighborhood. When the paperboy threw a paper toward the juvenile's home, it accidentally hit a window but did not break it. Andreson testified that he then started to run away, as he had "heard that was a rough house." Record at 52. After running a short distance, he saw a group of young males leave the house and chase after him. He then turned to persuade the group that he did not mean to hit the window, but they began to beat him. Andreson fell to the ground and covered his head. He testified that he was struck ten to twenty times but was able to identify neither his attackers nor the means by which the beating was administered. Neighbor Arzenia Corley witnessed the juvenile strike the paperboy with an aluminum baseball bat. She identified the juvenile as the attacker to the police immediately after the attack and at trial during her in-court testimony. ·

The juvenile's claims of uncertainty ·in Corley's testimony and his allegations of other inconsistent testimony are not persuasive. These matters of credibility and weight were for the finder of fact. We conclude that the evidence is sufficient to enable the trial court to make a finding of delinquency beyond a reasonable doubt.

### Burden of Proof

The juvenile contends that his due process rights were violated when the trial court failed to require the State to prove its case beyond a reasonable doubt. In his

brief to the Court of Appeals, he argues that the trial judge "displayed an apparent unwillingness to apply the reasonable doubt standard." Brief of Appellant–Respondent to the Court of Appeals at 13. This assertion is primarily based upon the following emphasized comments included among the trial judge's remarks at the conclusion of the evidence and arguments of counsel:

Now, I didn't want to rule on the motion of the individual attorneys and prosecutor[1] until after this testimony was concluded for the reason that, in my opinion, the truth has been kicked around in such a manner that the Court could not and cannot tell when anybody is telling the truth or lying. In fact, I would have found the entire group guilty of being juvenile delinquents for the simple reason that their behavior was that of a juvenile delinquent. I can't believe that they are so stupid as two of [the] State's witnesses acted. It made me feel that there was some underlying duress. I can't believe that those two people were that stupid. It had to be some pressure from some place to cause them to blatantly tell different stories every five seconds.[2] In this particular case, we have got one witness who tells us that she was driving her car and she saw a boy running across the street and she stopped. Then she backed up and she observed what took place. She identified this young man and that identification stands without a contradiction in the mind of the Court. *Now, then, possibly if this were a criminal court where the Court was finding the juvenile guilty of a crime, that might have some difference in the decision. However, under the present circumstances, what this Court is doing is finding the juvenile guilty of being a juvenile delinquent.* And the evidence that this Court has

heard on this petition finds, and the Court finds that those allegations contained in the petition to be true and the juvenile is found to be delinquent. . . .

Record at 179–80 (emphasis added).

The juvenile maintains that these comments suggest that the trial court applied an improper, lower burden of proof of guilt. To further support his claim, the juvenile also cites the judge's initial reluctance to grant the prosecutor's motion to dismiss delinquency charges against others involved in the incident.

■ A juvenile court's finding that a child committed a delinquent act must be based upon proof beyond a reasonable doubt. Ind.Code § 31–6–7–13(a); *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. We recognize that "[t]he same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child." *Id.* at 365, 90 S.Ct. at 1073, 25 L.Ed.2d at 376.

■ The State asserts, and the juvenile agrees, that there is a strong presumption on appeal that a trial court has acted correctly and has properly followed the applicable law. *Myers v. Myers* (1990), Ind., 560 N.E.2d 39; *Indiana–Kentucky Elec. Corp. v. Green* (1985), Ind.App., 476 N.E.2d 141. It is presumed that the trial court applied the correct burden of proof. *See Van Hoosier v. Grant County Dep't of Pub. Welfare* (1982), Ind.App., 443 N.E.2d 350.

■ Notwithstanding this presumption, our Court of Appeals inferred from the trial judge's comments that he necessarily failed to apply the reasonable doubt standard. We disagree. The questioned remarks of the judge do not disclose use of an erroneous standard with clarity and cer-

---

**1.** At the close of State's case-in-chief, each of the involved juveniles moved for judgment on the evidence, and the State joined as to all except Moran. The trial judge initially indicated a preference to take the motions under advisement, but upon the express request of the State he reluctantly granted the dismissals before trial resumed. Record at 127–37.

**2.** The transcript indicates a new paragraph at this point. However, we presume that this merely represents the reporter's discretionary judgment in the course of typing a long oral statement rather than the trial judge's intentional separation of subjects or ideas being discussed.

tainty sufficient to overcome the presumption. The comments of the trial judge may have been made for purposes unrelated to the requisite standard of proof as to Moran. We observe that the portion of the judge's remarks questioned by the juvenile and the Court of Appeals may have referred to the judge's comment appearing earlier in his remarks that, but for the prosecutor's agreement to dismiss charges against the other juveniles involved, the judge would have found the entire group to be delinquent. In speaking to those present in the courtroom, the judge reasonably may have been motivated by concerns for deterrence of future unlawful conduct and may have desired to suggest the gravity of consequences that could flow from an adult criminal conviction. We do not find in the judge's comments sufficient indicia that he necessarily applied the wrong burden of proof.

Transfer is granted. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.