STATE of Indiana, CIVIL RIGHTS COM-
MISSION, in its own right and on behalf
of Joseph C. Belzer and Theresa Wright,
Appellants–Plaintiffs,

v.

INDIANAPOLIS NEWSPAPERS, INC.,
Unknown Directors of Indianapolis
Newspapers, Inc., AHM Graves Compa-
ny, Inc., Unknown Directors of AHM
Graves Company, Inc., Sherry Hoyt,
Shirley Morphey and Jacqueline D. Bak-
er, Appellees–Defendants.

No. 49A04–9703–CV–95.

Court of Appeals of Indiana.

Feb. 26, 1999.

Jacquelyn Thompson, Indiana Civil Rights
Commission, Indianapolis, Indiana, Attorney
for Appellants.

Jan M. Carroll, Mark J. Dinsmore, Barnes
& Thornburg, Indianapolis, Indiana, Attor-
neys for Appellees.

## OPINION ON REHEARING

BAILEY, Judge.

Indianapolis Newspapers, Inc. ("INI")
seeks rehearing of our opinion cited as *State
of Indiana, Civil Rights Comm'n v. India-
napolis Newspapers, Inc.,* 702 N.E.2d 370
(Ind.Ct.App.1998). In that opinion, we af-
firmed in part and reversed in part the trial
court's order dismissing the housing discrimi-
nation complaint brought by the Indiana Civ-
il Rights Commission ("ICRC") against INI
and various other defendants. INI contends
the opinion was deficient in the following two
respects: 1) failing to order dismissal of the
INI Directors from the action; and 2) failing
to sustain the trial court's dismissal of the
complaint based upon insufficient service of
process to INI. We grant the petition for
rehearing and order that defendants INI Di-
rectors be dismissed from the action. How-
ever, we deny the petition in all other re-
spects.

In the opinion we determined, among oth-
er things, that the trial court correctly dis-
missed complainant Theresa Wright
("Wright") from the housing discrimination
complaint brought by the ICRC on its own

behalf and on Wright's behalf. In so doing, we noted that the ICRC failed to comply with certain provisions governing amendments to administrative complaints. Specifically, although the ICRC purported to add Wright as a party to the administrative complaint, it did not provide notice of the amendment to any of the respondents until the eventual filing of the ICRC's civil claim. *Id.* at 380–81.

According to INI, the Directors must be dismissed from the action for reasons identical to those set forth in our discussion of Wright's status.[1] We agree. The Indiana Administrative Code provides as follows:

> A person who is not named as a respondent in a complaint, but who is identified in the course of the investigation under section 4 of this rule as a person who is alleged to be engaged, to have engaged, or to be about to engage in the discriminatory housing practice upon which the complaint is based may be joined as an additional or substitute respondent by service of a notice on the person under this subsection, within ten (10) days of the identification.

IND. ADMIN. CODE tit. 910, r. 2–6–2(i). In this case, the ICRC did not identify the INI Directors as respondents during the pendency of the administrative process; rather, the Directors were first named as respondents upon the filing of the ICRC's civil complaint. Any claims brought by the ICRC against the INI Directors must therefore be dismissed.

INI additionally contends the trial court's dismissal of the ICRC's complaint should have been sustained based upon the ICRC's failure to effect proper service of process. The record reflects that the ICRC filed its civil complaint against INI and various other defendants on June 28, 1996. (R. 8). On July 10, 1996, INI entered its appearance in the matter. (R. 3, 31). On July 29, 1996, INI moved to strike the ICRC's discov-

ery requests, claiming that although service of process was effected upon the INI Directors, the corporation itself had not yet been served with a copy of the summons and complaint. (R. 3, 46–48). The following day, the trial court denied INI's motion to strike, finding that "Defendant Indianapolis Newspapers, Inc. has appeared in this action and therefore waives service." (R. 3). On August 22, 1996, INI filed a Motion to Reconsider the trial court's ruling, arguing that INI's entry of an appearance in the matter did not waive its right to challenge defects in the ICRC's service of process. (R. 4, 52–56). On August 26, 1996, the trial court granted the motion to reconsider and ordered the ICRC's discovery requests to INI stricken. (R. 4, 82). Thereafter, on September 5, 1996, the ICRC issued a summons to INI, which was served on September 9, 1996. (R. 99, 133, 167). INI acknowledged receipt of service of process, but responded that the ICRC's belated service of process warranted dismissal under Ind. Trial Rule 41(E). (R. 167).

In this case, the ICRC issued a summons to INI shortly after the trial court ruled that INI's appearance in the matter had not waived its right to challenge defects in service of process. Thus, although the ICRC's complaint against INI was at one time subject to dismissal for insufficient service of process, the ICRC's subsequent service upon INI rectified the deficiency. Consequently, under the circumstances of this case, the complaint was not entitled to be dismissed for insufficient service of process; nor was it subject to dismissal for failure to prosecute under T.R. 41(E). Accordingly, as provided herein, INI's petition for rehearing is granted. In all other respects it is denied.

RUCKER, J., and DARDEN, J., concur.

---

1. The ICRC counters that because it never specifically challenged the dismissal of the INI Directors on appeal, any consideration of the issue has consequently been waived. However, the law is clear that we may affirm a trial court's judgment if it can be sustained on any theory consistent with the evidence presented. *City of Indianapolis v. Fields*, 506 N.E.2d 1128, 1130 (Ind.Ct.App.1987). In this case, the trial court's dismissal of the ICRC's complaint was sustainable as against the INI Directors.