**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 06 2012, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONI COX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-367 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Dan Moore, Judge Pro Tem
Cause No. 49F07-1201-CM-005140

**December 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a bench trial, Toni Cox appeals her conviction of disorderly conduct, a lesser-included offense to the charged offense of Class A misdemeanor battery. On appeal, Cox raises one issue, which we restate as whether sufficient evidence supports her disorderly conduct conviction when the trial court based her acquittal of battery on self-defense. Concluding that the trial court followed the applicable law and there is sufficient evidence that Cox lost her claim to self-defense through her use of unreasonable force and failure to withdraw from the fight, we affirm.

## Facts and Procedural History

Around 2:30 a.m. on January 5, 2012, Cox pulled into Latisha Tozier's driveway with passengers Dustin Stonehouse and Amanda Kelso. Stonehouse, an on-again, off-again boyfriend of Tozier's who was intoxicated that night, wanted to see if another man was at Tozier's house. Stonehouse left Cox's vehicle and knocked on the door; Tozier permitted him to look around and then told Stonehouse that he needed to leave. Tozier followed Stonehouse out the back door. When Tozier saw Cox, Tozier, upset, yelled at both to leave. Cox backed up her vehicle but once she reached the end of Tozier's driveway drove forward toward Tozier. Then, either Cox got out of her vehicle on her own to fight Tozier, or Tozier pulled Cox out of the vehicle by her hair. The two fought, pulling each other's hair and hitting each other. Stonehouse ended the fight when he tackled Tozier to the ground, causing her to strike her head. As Tozier lay on the ground on her back, Cox kicked her in the face and ribs. Cox and Stonehouse got back in Cox's vehicle and left. Responding to a dispatch call, Indianapolis Metropolitan Police Officer Doug Himmel observed that Tozier had dried blood around her mouth and an injury

2

under one eye.  Tozier's fourteen-year-old son witnessed the fight while standing at the front door.

The State charged Cox with Class A misdemeanor battery and Class A misdemeanor criminal recklessness.  The trial court sua sponte found Cox guilty of Class B misdemeanor disorderly conduct as a lesser-included offense to battery and not guilty of criminal recklessness:

> I don't think the State has proved a <u>battery</u> beyond a reasonable doubt in as much as self defense might . . . might, in fact, be a defense. I don't think they've disproved self defense beyond a reasonable doubt. . . .  I think what the State did prove is a lesser included offense of <u>disorderly conduct</u>. Fighting, ma'am, is a crime. It's a class B misdemeanor. I think that in this particular case, take me up if you want to, that the disorderly [conduct] of engaging in fighting was factually included in your charge of battery. Um, I think the State's proved, <u>despite your claim of self defense</u>, uh, a crime of disorderly conduct, and here's why: I think that whether you were pulled out of the car or got out of the car, whether it was self defense or not, I think at some point you kicked some ass. That's what I think. I think there was a time when you were defending yourself and there was a time when you're giving a little more. I think at that point, um, it was disorderly conduct. So, I am going to find that the State failed to prove its case of battery as a class A misdemeanor, failed to prove its case of criminal recklessness as a class A misdemeanor, but that you are guilty of the lesser included offense ... lesser included factually, of disorderly conduct.

Transcript at 60-61 (emphases added).  Cox now appeals.

Discussion and Decision

I.  Standard of Review

Our standard of review for sufficiency claims is well-settled:  if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable factfinder to find the elements of the crime proven beyond a reasonable doubt, we will affirm.  <u>Alkhalidi v. State</u>, 753 N.E.2d 625, 627 (Ind. 2001).  We neither reweigh the evidence nor judge the credibility of the witnesses, and we respect the factfinder's

3

exclusive province to weigh conflicting evidence. Id. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. Wilson v. State, 770 N.E.2d 799, 801 (Ind. 2002).

## II. Sufficiency of the Evidence

Cox briefly argues that the trial court abused its discretion in rejecting her self-defense claim under the mistaken belief that self-defense was not applicable to the charge of disorderly conduct. However, Cox fails to demonstrate that the trial court meant anything other than that her claim of self-defense did not apply to the facts of the case. We initially observe that we presume the trial judge is aware of and knows the law. Dumas v. State, 803 N.E.2d 1113, 1121 (Ind. 2004). And there is a strong presumption on appeal that a trial court has acted correctly and has followed the applicable law. Moran v. State, 622 N.E.2d 157, 159 (Ind. 1993). This presumption can be overcome when a judge's remarks demonstrate error "with clarity and certainty sufficient to overcome the presumption." Id. at 159-60. Based upon the record, we conclude the trial court's statements support the conclusion that it merely determined that the facts did not support a claim of self-defense. We cannot say that Cox has overcome the presumption that the trial court acted correctly and followed the applicable law.

To the extent Cox merely asserts that the State failed to rebut her claim of self-defense with respect to disorderly conduct, sufficient evidence supports her conviction. A valid claim of self-defense is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2; Wilson, 770 N.E.2d at 800. In order to prevail on such a claim, the defendant must show that she: (1) was in a place where she had a right to be; (2) did not

4

provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. Wilson, 770 N.E.2d at 800. When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. Id.

Cox lost her claim to self-defense through her use of unreasonable force and her failure to withdraw from the mutual fight. The trial court found that, even if Cox was initially defending herself from Tozier, she used more force than was necessary. After closing arguments, the trial court told Cox:

> I think that whether you were pulled out of the car or got out of the car, whether it was self defense or not, I think at some point you kicked some ass. . . . I think there was a time when you were defending yourself and there was a time when you're giving a little more. I think at that point, um, it was disorderly conduct.

Tr. at 61. The amount of force that an individual may use to protect herself must be proportionate to the urgency of the situation. Harmon v. State, 849 N.E.2d 726, 730-31 (Ind. Ct. App. 2006). When a person uses more force than is reasonably necessary under the circumstances, the right of self-defense is extinguished. Id. at 731. The evidence in the record showed that after Cox and Tozier fought and Stonehouse knocked Tozier to the ground, Cox kicked at Tozier's face and ribs as Tozier lay on her back. Tozier had been overpowered, yet Cox continued to strike at her. At that point, Cox's claim of self-defense was extinguished.

Moreover, at trial, Cox admitted to fighting with Tozier. Regardless of whether Tozier initiated the fight, Cox failed to withdraw and communicate her withdrawal to Tozier. "[A] mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense." Wilson, 770 N.E.2d at 801 (citing

5

Ind. Code § 35-41-3-2(e)(3) (2002)). Cox never withdrew; in fact, when Tozier lay on her back, Cox continued the fight by kicking at Tozier's face and ribs. At that point, Cox's claim of self-defense was extinguished.

## Conclusion

We conclude that the trial court followed the applicable law and sufficient evidence supports Cox's conviction of disorderly conduct. We therefore affirm.

Affirmed.

MAY, J., and PYLE, J., concur.