# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 06 2017, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian J. Johnson
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.H.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | February 6, 2017<br><br>Court of Appeals Case No.<br>32A01-1606-JV-1216<br><br>Appeal from the Hendricks Superior Court<br><br>The Honorable Karen M. Love, Judge<br><br>Trial Court Cause No. 32D03-1601-JD-15 |

**Bradford, Judge.**

# Case Summary

[1] In October of 2015, S.O., a juvenile, arranged via the internet to meet with a person who claimed to be interested in some shoes S.O. was selling. Appellant-Respondent D.H. arrived at the meeting place with a companion. At one point, D.H. forced S.O. to the ground and put a gun to his head as D.H. and his companion stole five pairs of shoes and an electronic tablet. The State charged D.H. with what would be Level 3 felony robbery if committed by an adult, and, after an evidentiary hearing, the juvenile court entered a true finding. D.H. contends that the State failed to introduce evidence sufficient to sustain the juvenile court's judgment. Because we disagree, we affirm.

# Facts and Procedural History

[2] In August of 2015, S.O. posted a pair of shoes for sale on the Instagram page "Indy on Feet." Tr. p. 42. The shoes sold, but on October 9, 2015, someone using the name "cooling_all_the_time_gang" contacted S.O. Tr. p. 44. S.O. informed cooling_all_the_time_gang that the shoes had been sold but that he had five other pairs for sale. The two arranged to meet on October 12, 2015.

[3] At around 9:00 p.m. on October 12, 2015, S.O. met with D.H. at the clubhouse of Avon Creek Apartments in Hendricks County. S.O. encountered D.H. and a companion, and D.H. indicated that there was a person nearby in a truck with money who was prepared to buy the shoes. S.O. could not find this person, so he returned to his house to communicate with cooling_all_the_time_gang via

Instagram. Apparently based on this communication, S.O. returned to the clubhouse with the five pairs of shoes and his tablet device. D.H. and his companion met S.O. at the clubhouse. D.H. pulled S.O. to the ground with a chokehold, put a gun to his head, and said, "give me all that s***[.]" Tr. p. 57. D.H. and his companion took the shoes and tablet and left. It was later determined that D.H. owned an Instagram account using the same profile picture used by cooling_all_the_time_gang.

[4] On January 15, 2016, the State filed a petition alleging D.H. to be a delinquent for committing what would be Level 3 robbery if committed by an adult. Following an evidentiary hearing during which S.O. identified D.H. as the person who had taken the items from him at gunpoint, the juvenile court entered a true finding, awarded wardship of D.H. to the Department of Correction, and ordered restitution of $541.00.

# Discussion and Decision

[5] D.H. contends that the State produced insufficient evidence to sustain the juvenile court's finding that he committed what would be Level 3 felony robbery if committed by an adult.

> In reviewing the sufficiency of the evidence with respect to juvenile adjudications, our standard of review is well settled. We neither reweigh the evidence nor judge the credibility of witnesses. *C.S. v. State*, 735 N.E.2d 273, 276 (Ind. Ct. App. 2000), *trans. denied* (citing *Fields v. State*, 679 N.E.2d 898, 900 (Ind. 1997); *Moran v. State*, 622 N.E.2d 157, 158 (Ind. 1993)). The State must prove beyond a reasonable doubt that the juvenile

committed the charged offense. *Id.* We examine only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. *Id.* We will affirm if there exists substantive evidence of probative value to establish every material element of the offense. *Id.* Further, it is the function of the trier of fact to resolve conflicts in testimony and to determine the weight of the evidence and the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998).

*K.D. v. State*, 754 N.E.2d 36, 38-39 (Ind. Ct. App. 2001).

[6]  In order to sustain a true finding that D.H. committed what would be Level 3 felony robbery if committed by an adult, the State was required to prove that he "knowingly or intentionally [took] property from another person or from the presence of another person … by using or threatening the use of force on any person [or] by putting any person in fear … while armed with a deadly weapon[.]" Ind. Code § 35-42-5-1. S.O. testified that D.H. held a gun to his head and took his shoes and tablet, which is sufficient, standing alone, to sustain the juvenile court's adjudication. "'The uncorroborated testimony of a single witness may suffice to sustain the delinquency adjudication.'" *T.G. v. State*, 3 N.E.3d 19, 23 (Ind. Ct. App. 2014) (quoting *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*), *trans. denied*.

[7]  D.H. contends that S.O. offered conflicting testimony as to the identity of his attacker such that we should discount that testimony. "Appellate courts may … apply the 'incredible dubiosity' rule to impinge upon a jury's function to judge

the credibility of a witness." *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007) (citing *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002)).

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love*, 761 N.E.2d at 810 (citations omitted).

[8] Although D.H. points to several examples of what he claims are inconsistencies in S.O.'s testimony, suffice it to say that, even if we assume this to be true, none of these examples are material to S.O.'s in-court identification of D.H. as his assailant, which was unequivocal. D.H. also argues that S.O.'s testimony was the product of "police suggestion." Appellant's Br. p. 20. Even if this is the case, this is a far cry from coercion. In the end, D.H.'s lengthy arguments amount to nothing more than an invitation to reweigh the evidence, which we will not do.

[9] We affirm the judgment of the juvenile court.

Vaidik, C.J., and Brown, J., concur.