## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 22 2017, 6:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jorge Giron,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 22, 2017<br><br>Court of Appeals Case No.<br>49A04-1706-CR-1246<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Steven Rubick, Magistrate<br><br>Trial Court Cause No.<br>49G01-1607-F5-26654 |

**Baker, Judge.**

[1] Jorge Giron appeals his convictions for Level 5 Felony Operating a Vehicle After a Lifetime Suspension[1] and Class A Misdemeanor Operating a Vehicle While Intoxicated.[2] He argues that the trial court misapplied the burden of proof. Finding no error, we affirm.

## Facts

[2] On the evening of July 10, 2016, Giron, a habitual traffic violator with a lifetime driver's license suspension, was driving alone in his truck near an intersection in Indianapolis. He ran a stop sign and struck a truck driven by Jonathan Mills. After the collision, Mills called 911 and parked his truck in front of Giron's truck to prevent him from driving away. Mills testified that when Giron exited his vehicle, he was stumbling and slurring his speech.

[3] Indianapolis Metropolitan Police Officer John Dicicco responded to the scene. After determining that Giron had a lifetime suspension, Officer Dicicco observed that Giron struggled to keep his balance, had red, watery eyes, slurred his speech, and smelled like alcohol. Suspecting that Giron was intoxicated, Officer Dicicco arrested him and obtained a warrant for a blood draw, which revealed Giron's blood alcohol concentration was .15.

[4] On July 12, 2016, the State charged Giron with Level 5 felony operating a vehicle after a lifetime suspension and Class A misdemeanor operating a

---

[1] Ind. Code § 9-30-10-17(a)(1).

[2] I.C. § 9-30-5-2.

vehicle while intoxicated. Giron waived his right to a jury trial and on April 18, 2017, the trial court conducted a bench trial. At trial, Giron testified that he had been drinking but that he had not been driving the truck and that the driver had left the scene. After closing statements, the trial court found Giron guilty as charged and stated that "[Giron's] uncorroborated story would have been helped had this heretofore unidentified driver appeared today, but he didn't." Tr. Vol. II p. 39. Giron did not object to this statement.

[5] At a May 12, 2017, sentencing hearing, the trial court sentenced Giron to concurrent terms of three years for operating a vehicle after a lifetime suspension and one year for operating a vehicle while intoxicated. After giving him credit for time served, the trial court ordered Giron to serve the balance of his sentence on home detention. He now appeals.

## Discussion and Decision

[6] Giron's sole argument on appeal is that the trial court misapplied the burden of proof. There is "a strong presumption on appeal" that the trial court has applied the correct burden of proof. *Moran v. State*, 622 N.E.2d 157, 159 (Ind. Ct. App. 1993). To rebut this presumption, the record must establish with "clarity and certainty" that the trial court used an erroneous standard. *Id.* Further, a failure to object at trial waives an issue for review unless fundamental error has occurred. *Hoglund v. State*, 962 N.E.2d 1230, 1239 (Ind. 2012). "In order to be fundamental, the error must represent a blatant violation of

principles rendering the trial unfair to the defendant and thereby depriving the defendant of due process." *Id.*

[7] Giron argues that the trial court's statement regarding his failure to call the alleged driver improperly implied that he bore the burden of proof and that the trial court drew an adverse inference from his failure to call that witness. We disagree.

[8] While it would have been better for the trial court to address the State's evidence first, the statement was made in the context of weighing conflicting testimony and is immediately followed by a summary of the evidence presented by the State. The trial court ended its explanation by stating that the "State *has met its burden* as to both counts" and, beyond this lone statement, nothing in the record suggests that the trial court placed the burden of proof on Giron or that it drew an adverse inference from his failure to call the alleged driver. Tr. Vol. II p. 39 (emphasis added). As such, we cannot say with clarity and certainty that the trial court applied the incorrect standard, let alone that he received an unfair trial because of the statement.[3] Therefore, we find no error, fundamental or otherwise.

---

[3] Giron devotes a substantial portion of his brief to discussing *State v. Brewer*, 505 A.2d 774 (Me. 1985), which is not controlling precedent and is factually distinguishable from the case before us.

[9]     The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.